■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ANTHONY BOYD, Appellant. [683 NYS2d 271] —Appeal by the defendant from a judgment of the Supreme Court, Queens County (Spires, J.), rendered October 21, 1996, convicting him of criminal possession of stolen property in the fourth degree and unauthorized use of a vehicle in the third degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing (Eng, J.), of that branch of the defendant's omnibus motion which was to suppress statements made by him to law enforcement authorities.

Ordered that the judgment is reversed, on the law and as a matter of discretion in the interest of justice, and a new trial is ordered, to be preceded by a de novo hearing on that branch of the defendant's omnibus motion which was to suppress statements made by him to law enforcement authorities.

We agree with the defendant's contention that he was deprived of his right to a fair trial by the trial court's exclusion of his testimony concerning the circumstances surrounding his alleged purchase of the subject stolen vehicle. The defendant conceded that he possessed the vehicle, but his defense was that he had purchased the vehicle from an unidentified individual under somewhat unusual circumstances. The defendant

attempted to testify to a conversation he had with this individual at the time of the alleged purchase but the court excluded that evidence as hearsay. However, as the defendant correctly contends, that evidence was not to be elicited for the purpose of establishing the truth thereof, but merely to establish the defendant's state of mind. Thus, the evidence was admissible to show that under the circumstances presented, the defendant reasonably believed that he had rightfully purchased the vehicle and was thus not in knowing possession of a stolen vehicle (*see, People v Minor,* 69 NY2d 779; *People v Davis,* 58 NY2d 1102). This testimony was not hearsay and was circumstantial evidence of the defendant's state of mind (*see, People v Goodman,* 59 AD2d 896). Therefore, it should not have been excluded. Since the evidence of the defendant's guilt was less than overwhelming, reversal of the judgment is warranted.

Prior to trial, a *Huntley* hearing was conducted (*see, People v Huntley,* 15 NY2d 72) to determine whether statements by the defendant to the arresting officers were made in a custodial setting without the administration of *Miranda* warnings. Based upon the testimony of the single police witness who testified at the hearing, the court denied suppression of the statements, concluding that, *inter alia,* the evidence established that the defendant was not in custody at the time he made the statements. At trial, however, certain *Rosario* material was turned over to the defense (*see, People v Rosario,* 9 NY2d 286, *cert denied* 368 US 866) which suggested that the defendant was actually arrested at an earlier time. Defense counsel moved, in effect, to reopen the *Huntley* hearing in light of this new evidence, but the court denied the application. Inasmuch as a new trial is warranted, in the interest of justice a new *Huntley* hearing should be conducted to inquire into the impact, if any, this new evidence might have on the court's suppression ruling. Miller, J. P., Pizzuto, Friedmann and Goldstein, JJ., concur.