■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v KEITH R. WILSON, Appellant. (Appeal No. 1.) [726 NYS2d 322] —Judgment unanimously affirmed. Memorandum: Defendant was convicted following a jury trial of criminal possession of a controlled substance in the fourth degree (Penal Law § 220.09 [1]). During the execution of a search warrant at a house in the City of Olean, the police found several baggies containing crack cocaine on the floor, just inches away from defendant's feet. Contrary to defendant's contention, the search warrant was issued upon probable cause. The record establishes that the warrant was based upon information supplied by an informant who appeared and gave sworn testimony before the issuing Magistrate. The sworn statement of a citizen informant attesting to facts directly and personally observed by him is sufficient to support the issuance of a search warrant (*see, People v Bourdon*, 258 AD2d 810, 811, *lv denied* 93 NY2d 897; *People v David*, 234 AD2d 787, 788, *lv denied* 89 NY2d 1034). Thus, County Court properly denied defendant's suppression motion.

The evidence, viewed in the light most favorable to the People (*see, People v Thompson*, 72 NY2d 410, 413, *rearg denied* 73 NY2d 870), is legally sufficient to support the conviction (*see generally, People v Bleakley*, 69 NY2d 490, 495). Defendant's proximity to the cocaine, which was in plain view, constitutes direct evidence of defendant's possession of the cocaine found in the apartment (*see, People v Cruz*, 272 AD2d 922, 923, *affd* 96 NY2d 857; *People v Perez*, 259 AD2d 274, *lv denied* 93 NY2d 976).

Defendant failed to preserve for our review his contention that the court erred in admitting People's exhibit No. 1 (crack cocaine and drug paraphernalia) in evidence (*see,* CPL 470.05 [2]), and we decline to exercise our power to review that contention as a matter of discretion in the interest of justice (*see,* CPL

470.15 [6] [a]). Defendant was not deprived of a fair trial by prosecutorial misconduct. Although the prosecutor improperly stated during summation that the cocaine was dropped at defendant's feet, the court sustained defendant's objection to that comment and gave a curative instruction, thereby alleviating any prejudice (*see, People v Marzug,* 280 AD2d 974; *People v Fonder,* 211 AD2d 445, 446, *lv denied* 85 NY2d 938). There is no merit to the contention that defendant was denied effective assistance of counsel (*see, People v Satterfield,* 66 NY2d 796, 798-799).

The court properly denied defendant's motion to set aside the verdict pursuant to CPL 330.30 (3) based on newly discovered evidence. Defendant failed to establish that the newly discovered evidence could not have been discovered before trial by the exercise of due diligence and that such evidence would probably change the result if a new trial were granted (*see, People v Carrier,* 270 AD2d 800, 802, *lv denied* 95 NY2d 864; *People v Pugh,* 236 AD2d 810, 811, *lv denied* 89 NY2d 1099).

Contrary to the contention of defendant, he was properly sentenced, following a hearing, as a predicate felon. The sentence is neither unduly harsh nor severe. (Appeal from Judgment of Cattaraugus County Court, Himelein, J.—Criminal Possession Controlled Substance, 4th Degree.) Present—Pigott, Jr., P. J., Pine, Wisner, Kehoe and Burns, JJ.