THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ANTHONY L. DOWNS, Appellant. [801 NYS2d 448]—

Appeal from a judgment of the Monroe County Court (Frank P. Geraci, Jr., J.), rendered December 6, 2002. The judgment convicted defendant, upon a jury verdict, of criminal possession of a controlled substance in the fourth degree, criminal possession of a controlled substance in the seventh degree, and criminally using drug paraphernalia in the second degree.

It is hereby ordered that the judgment so appealed from be and the same hereby is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting him after a jury trial of criminal possession of a controlled substance in the fourth degree (Penal Law § 220.09 [1]), criminal possession of a controlled substance in the seventh degree (§ 220.03), and criminally using drug paraphernalia in the second degree (§ 220.50 [2]). We reject defendant's contention that the verdict is against the weight of the evidence (*see generally People v Bleakley*, 69 NY2d 490, 495 [1987]). The arresting police officers testified that they observed defendant walking away from the bathroom as they entered the building at issue pursuant to a search warrant, and they recovered 46 plastic baggies floating in the toilet from that bathroom. The baggies later were determined to be filled with crack cocaine. Thus, the officers' testimony placed defendant in proximity to the baggies of cocaine in the toilet, and "[d]efendant's proximity to the cocaine, which was in plain view, constitutes direct evidence of defendant's possession of the cocaine found in the apartment" (*People v Wilson*, 284 AD2d 958, 958 [2001], *lv denied* 96 NY2d

943 [2001]; *see* Penal Law § 220.25 [2]; *see generally People v Gardner*, 163 AD2d 892, 892-893 [1990]). In addition, police witnesses testified that defendant's hands were wet when defendant emerged from the bathroom. The jury was entitled to discredit the testimony of defendant's cousin, a codefendant, that defendant played no part in selling, preparing or possessing the drugs found at the scene, and "[g]reat deference [must be] accorded to the fact-finder's opportunity to view the witnesses, hear the testimony and observe demeanor" (*Bleakley*, 69 NY2d at 495).

Finally, defendant's sentence is not unduly harsh or severe. Present—Green, J.P., Hurlbutt, Scudder, Gorski and Lawton, JJ.