■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MICHAEL MITCHELL, Appellant. [806 NYS2d 187]—

Judgment, Supreme Court, Bronx County (Martin Marcus, J.), rendered November 6, 2003, convicting defendant, after a jury trial, of murder in the first degree and attempted robbery in the first degree, and sentencing him, as a second felony offender, to concurrent terms of life imprisonment without parole and 15 years, unanimously modified, on the law, to the extent of vacating the DNA databank fee, and otherwise affirmed.

The verdict was not against the weight of the evidence (*see People v Bleakley*, 69 NY2d 490 [1987]). Defendant was convicted of attempting to steal a car at gunpoint from a first victim, and of a subsequent felony murder, in very close spatial and temporal proximity to the attempted robbery, in which a car and cell phone were taken from a second victim, who was shot to death. With respect to the attempted robbery, there is no basis for disturbing the jury's determinations concerning identification. With respect to the murder, there was a chain of circumstantial evidence warranting the conclusion that defendant personally committed or took part in the murder and did not merely acquire the victim's property after the murder (*see generally People v Galbo*, 218 NY 283 [1916]).

The court properly denied both defendant's severance motion and his related motion concerning the grand jury presentation because the offenses were properly joined under CPL 200.20 (2)

(b). The evidence regarding the attempted robbery was highly relevant to the murder, primarily because it placed defendant at the scene of the murder, as well as because of similarities between the crimes (*see e.g. People v Craig*, 192 AD2d 323 [1993], *lv denied* 81 NY2d 1012 [1993]). "Contrary to defendant's argument, a pattern of crimes employing a unique modus operandi is not the exclusive situation in which uncharged crimes may be probative of identity" (*People v Laverpool*, 267 AD2d 93, 94 [1999], *lv denied* 94 NY2d 904 [2000]). Moreover, defendant's possession of a pistol in the first incident was independently admissible to show that he possessed the means of committing the murder immediately thereafter (*People v Del Vermo*, 192 NY 470, 478-482 [1908]; *People v Marte*, 7 AD3d 405, 407 [2004], *lv denied* 3 NY3d 677 [2004]). The charged attempted robbery and murder offenses were also properly joined pursuant to CPL 200.20 (2) (c), and therefore the court properly exercised its discretion in refusing to sever them.

The court also properly denied defendant's CPL 710.30 motion to preclude identification testimony tending to connect defendant with the murder. The People provided sufficient notice and the witness's identification was confirmatory.

As the People concede, since the crime was committed prior to May 15, 2003, the effective date of the legislation (Penal Law § 60.35 [1] [a] [v] [former (1) (e)]) providing for the imposition of a DNA databank fee, that fee should not have been imposed.

We perceive no basis for reducing the sentence imposed. Concur—Buckley, P.J., Tom, Andrias, Sullivan and Malone, JJ.