THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v GENE BARR, Appellant. [874 NYS2d 384]—

Appeal by the defendant from a judgment of the County Court, Nassau County (DeRiggi, J.), rendered November 25, 2003, convicting him of criminal possession of a forged instrument in the second degree (four counts), grand larceny in the third degree, attempted grand larceny in the second degree (two counts), and attempted grand larceny in the third degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The trial court erred in excluding, as hearsay, certain testimony regarding the circumstances surrounding the defendant's deposits of various forged or altered checks. Specifically, the defendant attempted to testify to conversations he allegedly had with a man named "Sule" prior to depositing the checks. That evidence was admissible, as it was not offered "for the purpose of establishing the truth thereof, but merely to establish the defendant's state of mind" (*People v Boyd*, 256 AD2d 350, 351 [1998]; *see People v Minor*, 69 NY2d 779, 780 [1987]; *People v Hamm*, 42 AD3d 550, 551 [2007]). Nevertheless, the error was harmless (*see People v Crimmins*, 36 NY2d 230, 237 [1975]; *People v Bruner*, 222 AD2d 738 [1995]; *People v Robles*,

201 AD2d 591, 592 [1994]; *People v Martinez,* 154 AD2d 401, 401-402 [1989]).

Additionally, the defendant failed to develop a factual record sufficient to permit appellate review of his claim that the court should have admitted into evidence a document reflecting certain Western Union transfers (*see People v Kinchen,* 60 NY2d 772, 773-774 [1983]; *People v Elliott,* 39 AD3d 663 [2007]; *People v Thompson,* 34 AD3d 852, 854 [2006]).

The defendant's remaining contentions are without merit. Rivera, J.P., Ritter, Miller and Chambers, JJ., concur.