■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JARVIS CROMWELL, Appellant. [897 NYS2d 35]—

Judgment, Supreme Court, New York County (Gregory Carro, J.), rendered March 3, 2008, convicting defendant, after a jury trial, of attempted murder in the second degree and criminal possession of a weapon in the second degree, and sentencing him to consecutive terms of 25 years and 10 years, unanimously modified, on the law, to the extent of directing that the sentences run concurrently, and otherwise affirmed.

The verdict was not against the weight of the evidence (*People v Danielson*, 9 NY3d 342, 349 [2007]). There is no basis for disturbing the jury's determinations concerning credibility. The evidence established that defendant and the codefendant joined in a premeditated act of revenge. It would have been unreasonable for the jury to conclude that the codefendant acted alone, firing both of the pistols proved to have been used, while bringing defendant along on this planned mission as a mere observer.

Since the evidence against defendant was both direct and circumstantial (*see People v Barnes*, 50 NY2d 375, 380 [1980]), the court did not err in denying defendant's request for a circumstantial evidence charge. In any event, any error in refusing to give such an instruction was harmless.

Defendant did not preserve his claim that the court improperly admitted evidence of uncharged crimes and his related claim that the court did not provide an adequate limiting instruction, and we decline to review them in the interest of justice. As an alternative holding, we also reject them on the merits. After forensic evidence established that two pistols recovered from an apartment shared by defendant and the codefendant were used in the crime, the court properly permitted a witness to testify that he recognized the recovered pistols as similar to two weapons he saw in the possession of defendant and the codefendant several times in the weeks leading up to the incident.

This testimony was plainly admissible, because rather than simply demonstrating criminal propensity, it specifically linked defendant and the codefendant to the charged crime (*see e.g. People v Del Vermo*, 192 NY 470, 478-482 [1908]; *People v Brooks*, 62 AD3d 511, 512 [2009], *lv denied* 12 NY3d 923 [2009]; *People v Mitchell*, 24 AD3d 103, 104 [2005], *lv denied* 6 NY3d 778 [2006]). Furthermore, its probative value exceeded any prejudicial effect. Accordingly, we reject defendant's ineffective assistance of counsel claims relating to this evidence (*see Strickland v Washington*, 466 US 668 [1984]; *People v Caban*, 5 NY3d 143, 155-156 [2005]).

The court properly permitted a witness to testify that immediately before the crime, in defendant's presence, the codefendant's nontestifying girlfriend made a statement that could be viewed as urging the codefendant to abandon his plan of revenge. This was not hearsay, as it was not admitted for its truth (*see People v Reynoso*, 73 NY2d 816, 819 [1988]). "The mere utterance of a statement, without regard to its truth, may indicate circumstantially the state of mind of the hearer or of the declarant" (Prince, Richardson on Evidence § 8-106, at 502 [Farrell 11th ed]). Defendant's Confrontation Clause claim is meritless.

The court improperly imposed consecutive sentences (*see* Penal Law § 70.25 [2]). The weapon possession charge related to the same event as the attempted murder, and the evidence did not establish that defendant possessed the pistol with a separate purpose from his intent to shoot the victim (*see People v Hamilton*, 4 NY3d 654 [2005]; *People v Rosario*, 26 AD3d 271 [2006], *lv denied* 6 NY3d 897 [2006]). We note that at sentencing the People did not ask for consecutive sentences.

We perceive no basis for otherwise reducing the sentence. Concur—Friedman, J.P., Moskowitz, Renwick, Freedman and Román, JJ.