■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JEROME FORD, JR., Appellant. [20 NYS3d 13]—

Judgment, Supreme Court, New York County (Bonnie G. Wittner, J.), rendered December 21, 2009, convicting defendant, after a jury trial, of murder in the second degree and two counts of criminal possession of a weapon in the second degree, and sentencing him, as a second felony offender, to an aggregate term of 25 years to life, unanimously affirmed.

The court properly exercised its discretion in admitting evidence of defendant's gang affiliation, along with expert testimony that new members of the gang commit violent crimes to impress senior members and rise in status. This evidence was highly probative of defendant's motive and central to the jury's understanding of an otherwise unexplained murder (*see People v Edwards*, 295 AD2d 270 [1st Dept 2002], *lv denied* 99 NY2d 557 [2002]). Contrary to defendant's argument, the testimony actually given by the expert fully supported the People's theory of admissibility. The court also properly exercised its discretion in receiving evidence that witnesses observed defendant selling drugs on prior occasions, which was probative of their ability to make a reliable identification, and in precluding defendant from introducing physical evidence that lacked probative value under the circumstances of the case.

The court properly denied defendant's motion to suppress identification testimony. The record supports the court's finding that the photo array was not unduly suggestive. Defendant and the other participants were reasonably similar in appearance, and there was no substantial likelihood that defendant would be singled out (*see People v Chipp*, 75 NY2d 327, 336 [1990], *cert denied* 498 US 833 [1990]). Moreover, even if there

was anything suggestive about the photo array, the passage of time between the photo procedure and the lineups sufficed to attenuate any taint (*see e.g. People v Leibert*, 71 AD3d 513, 514 [1st Dept 2010], *lv denied* 15 NY3d 752 [2010]). The court also correctly found that the lineups were not unduly suggestive, notwithstanding any age discrepancy between defendant and the fillers (*see People v Jackson*, 98 NY2d 555, 559 [2002]).

The evidence at an ex parte hearing established an overriding interest that warranted closure of the courtroom during the testimony of five of the People's civilian witnesses (*see Waller v Georgia*, 467 US 39 [1984]), and the ex parte proceedings did not violate defendant's rights (*see People v Frost*, 100 NY2d 129, 137 [2003]). There was abundant evidence that raised serious concerns about witness safety and intimidation. The court's determination carefully satisfied each of the requirements set forth in *Waller* (467 US at 48).

The court properly denied defendant's application for a material witness order since he failed to establish "reasonable cause to believe" that the proposed witness possessed "information material to the determination" of the case (CPL 620.20 [1] [a]). We find unpersuasive defendant's assertion that the proffered witness's inability to make the same observations that were made by a prosecution witness cast doubt on that witness's credibility.

We perceive no basis for reducing the sentence. We decline to revisit this Court's prior determinations (2013 NY Slip Op 84721[U] [2013]) concerning sealed and redacted materials. Concur—Mazzarelli, J.P., Renwick, Saxe and Moskowitz, JJ.