■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RUDOLPH KEITT, Appellant. [35 NYS3d 334]—

Judgment, Supreme Court, Bronx County (John W. Carter, J.), rendered January 13, 2011, convicting defendant, after a jury trial, of manslaughter in the first degree, and sentencing him to a term of 20 years, unanimously affirmed.

The verdict was based on legally sufficient evidence and was not against the weight of the evidence (*see People v Danielson*, 9 NY3d 342, 348-349 [2007]). There is no basis for disturbing the jury's credibility determinations. The evidence supported the conclusion that defendant stabbed the victim multiple times, or at least that, if the codefendant did the stabbing, defendant aided him by simultaneously striking the victim, with a shared intent to cause serious physical injury (*see generally* Penal Law § 20.00; *People v Allah*, 71 NY2d 830, 832 [1988]).

The court properly denied defendant's motion to suppress his statements (made after *Miranda* warnings) as fruits of an allegedly unlawful detention. The record supports the court's factual determination that defendant voluntarily accompanied

the detectives to the precinct, where he remained voluntarily and was not placed under any restraint (*see People v Morales*, 42 NY2d 129, 137-138 [1977], *cert denied* 434 US 1018 [1978]; *see also People v Yukl*, 25 NY2d 585, 589 [1969], *cert denied* 400 US 851 [1970]).

The court properly exercised its discretion in admitting recorded phone calls, along with explanatory expert testimony, relating to defendant's continued gang affiliation while in custody on this case. Although the jury had already heard that members of the gang to which defendant belonged were motivated to commit violent acts in order to earn higher status, the phone calls were particularly probative because they suggested that defendant actually earned a promotion as the result of this homicide (*see People v Ford*, 133 AD3d 442 [1st Dept 2015]; *People v Edwards*, 295 AD2d 270 [1st Dept 2002], *lv denied* 99 NY2d 557 [2002]). Moreover, this evidence was probative of identity because it permitted a circumstantial inference that defendant was referring to the charged crime, and was thus implicating himself. The court's limiting instructions delivered immediately after admission of the evidence and in its final charge minimized the potential for prejudice.

Defendant's challenge to a portion of the court's charge on the People's burden of proof is unpreserved and we decline to review it in the interest of justice. As an alternative holding, we reject it on the merits (*see People v Jiovani*, 258 AD2d 277 [1st Dept 1999], *lv denied* 93 NY2d 900 [1999]). We perceive no basis for reducing the sentence. Concur—Mazzarelli, J.P., Friedman, Andrias, Webber and Gesmer, JJ.