# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**52**

**KA 11-01268**

PRESENT: WHALEN, P.J., SMITH, PERADOTTO, DEJOSEPH, AND CURRAN, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                          MEMORANDUM AND ORDER

FREDDERICK D. ARNOLD, DEFENDANT-APPELLANT.

---

TIMOTHY P. DONAHER, PUBLIC DEFENDER, ROCHESTER (JANET C. SOMES OF
COUNSEL), FOR DEFENDANT-APPELLANT.

SANDRA DOORLEY, DISTRICT ATTORNEY, ROCHESTER (DANIEL GROSS OF
COUNSEL), FOR RESPONDENT.

-----------------------------------------------------------------------

Appeal from a judgment of the Monroe County Court (Melchor E.
Castro, A.J.), rendered September 3, 2010. The judgment convicted
defendant, upon a jury verdict, of burglary in the second degree.

It is hereby ORDERED that the judgment so appealed from is
unanimously affirmed.

Memorandum: On appeal from a judgment convicting him, upon a
jury verdict, of burglary in the second degree (Penal Law § 140.25
[2]), defendant challenges County Court's ruling excluding, as
inadmissible hearsay, a recording of phone calls defendant made from
jail arranging for a relative to pick him up from jail. Defendant
contends that the calls were nonhearsay evidence of his state of mind,
that they were relevant to his claim that the police coerced his
confession by promising him that he would be released if he confessed,
and that the court's ruling denied him the right to present a defense.

" 'The mere utterance of a statement, without regard to its
truth, may indicate circumstantially the state of mind of the hearer
or of the declarant' " (*People v Cromwell*, 71 AD3d 414, 415, *lv denied*
15 NY3d 803; *see People v Gibian*, 76 AD3d 583, 584-585, *lv denied* 15
NY3d 920), and we agree with defendant that the calls were admissible
as circumstantial evidence of his state of mind, i.e., his alleged
belief that he would be released (*see People v Barr*, 60 AD3d 864, 864,
*lv denied* 12 NY3d 851; *People v Boyd*, 256 AD2d 350, 350-351; *see
generally People v Minor*, 69 NY2d 779, 780). Contrary to the People's
contention, defendant's state of mind at the time of the calls was
relevant to his defense, and his statements were not mere assertions
of past facts irrelevant unless offered to prove the truth of the
matter asserted (*cf. People v Reynoso*, 73 NY2d 816, 818-819).

We apply the standard for constitutional error to defendant's

preserved contention that the error denied him the right to present a defense (*see People v Powell*, 27 NY3d 523, 529; *cf. People v Kello*, 96 NY2d 740, 743-744), and we conclude that the error is harmless under that standard, inasmuch as the evidence of guilt is overwhelming and there is no reasonable possibility that the error contributed to defendant's conviction (*see People v Crimmins*, 36 NY2d 230, 237; *Barr*, 60 AD3d at 864-865). Notably, defendant and his witnesses testified that defendant called his cousin from jail and that his cousin and uncle attempted to pick him up in response to that call, and the jury thus heard other evidence of defendant's state of mind (*see People v Starostin*, 265 AD2d 267, 268, *lv denied* 94 NY2d 885; *People v Robles*, 201 AD2d 591, 592, *lv denied* 83 NY2d 876).

Entered: February 3, 2017

Frances E. Cafarell
Clerk of the Court