Appeal from a judgment of the Monroe County Court (Melchor E. Castro, A.J.), rendered September 3, 2010. The judgment convicted defendant, upon a jury verdict, of burglary in the second degree.
It is hereby ordered that the judgment so appealed from is unanimously affirmed.
Memorandum: On appeal from a judgment convicting him, upon a jury verdict, of burglary in the second degree (Penal Law § 140.25 [2]), defendant challenges County Court’s ruling excluding, as inadmissible hearsay, a recording of phone calls *1328 defendant made from jail arranging for a relative to pick him up from jail. Defendant contends that the calls were nonhearsay evidence of his state of mind, that they were relevant to his claim that the police coerced his confession by promising him that he would be released if he confessed, and that the court’s ruling denied him the right to present a defense.
“ ‘The mere utterance of a statement, without regard to its truth, may indicate circumstantially the state of mind of the hearer or of the declarant’ ” (People v Cromwell, 71 AD3d 414, 415 [2010], lv denied 15 NY3d 803 [2010]; see People v Gibian, 76 AD3d 583, 584-585 [2010], lv denied 15 NY3d 920 [2010]), and we agree with defendant that the calls were admissible as circumstantial evidence of his state of mind, i.e., his alleged belief that he would be released (see People v Barr, 60 AD3d 864, 864 [2009], lv denied 12 NY3d 851 [2009]; People v Boyd, 256 AD2d 350, 350-351 [1998]; see generally People v Minor, 69 NY2d 779, 780 [1987]). Contrary to the People’s contention, defendant’s state of mind at the time of the calls was relevant to his defense, and his statements were not mere assertions of past facts irrevelant unless offered to prove the truth of the matter asserted (cf. People v Reynoso, 73 NY2d 816, 818-819 [1988]).
We apply the standard for constitutional error to defendant’s preserved contention that the error denied him the right to present a defense (see People v Powell, 27 NY3d 523, 529 [2016]; cf. People v Kello, 96 NY2d 740, 743-744 [2001]), and we conclude that the error is harmless under that standard, inasmuch as the evidence of guilt is overwhelming and there is no reasonable possibility that the error contributed to defendant’s conviction (see People v Crimmins, 36 NY2d 230, 237 [1975]; Barr, 60 AD3d at 864-865). Notably, defendant and his witnesses testified that defendant called his cousin from jail and that his cousin and uncle attempted to pick him up in response to that call, and the jury thus heard other evidence of defendant’s state of mind (see People v Starostin, 265 AD2d 267, 268 [1999], lv denied 94 NY2d 885 [2000]; People v Robles, 201 AD2d 591, 592 [1994], lv denied 83 NY2d 876 [1994]).
Present — Whalen, P.J., Smith, Peradotto, DeJoseph and Curran, JJ.