Appeal from a judgment of the Monroe County Court (Vincent M. Dinolfo, J.), rendered November 20, 2014. The judgment convicted defendant, upon a jury verdict, of criminal possession of a controlled substance in the third degree and criminally using drug paraphernalia in the second degree (three counts).
 

 It is hereby ordered that the judgment so appealed from is unanimously reversed on the law and a new trial is granted.
 

 Memorandum: On appeal from a judgment convicting him, upon a jury verdict, of one count of criminal possession of a controlled substance in the third degree (Penal Law § 220.16 [1]) and three counts of criminally using drug paraphernalia in the second degree (§ 220.50 [l]-[3]), defendant contends that, inasmuch as there was no direct evidence of his constructive possession, County Court erred in refusing to provide a circumstantial evidence instruction to the jury. We agree.
 

 While executing a search warrant in an apartment leased to defendant’s girlfriend, but in which defendant was present, police officers found baggies of cocaine in a bedroom. The baggies were located variously in a jacket pocket, in a dresser drawer, and on the floor behind the headboard of the bed. None of the baggies was in plain view. The officers also recovered a dilutant commonly used in the drug trade in a kitchen cabinet, numerous small baggies commonly used in the drug trade in a kitchen cabinet and a dresser drawer in the bedroom, and three cellular phones in a dresser drawer with one of the baggies of cocaine. On top of the dressers in the bedroom, in plain view, were a scale and a box of sandwich bags. Inside the box of sandwich bags were a smaller scale and a credit or debit card in defendant’s name. In different locations in the apartment, police officers recovered documents in defendant’s name. One had been mailed to defendant at the apartment, but a more recent document had been mailed to defendant at a different address.
 

 Both defendant and his girlfriend were indicted for possession of the cocaine and paraphernalia. Defendant’s girlfriend pleaded guilty, and the People proceeded to trial against defendant based on his constructive possession of the drugs and paraphernalia. At defendant’s trial, however, defendant’s girlfriend testified that all of the drugs were hers and that defendant, who did not live at the apartment, was unaware of her involvement in the drug trade.
 

 We conclude that reversal is required based on the court’s refusal to provide a circumstantial evidence instruction. “Constructive possession can be proven directly or circumstantially” (People v Santiago, 22 NY3d 990, 992 [2013]), and “[a] circumstantial evidence charge is required [only] where the evidence against a defendant is ‘wholly circumstantial’ ” (People v Guidice, 83 NY2d 630, 636 [1994]; see People v Slade, 133 AD3d 1203, 1207 [2015], Iv denied 26 NY3d 1150 [2016]; see also People v Hardy, 26 NY3d 245, 249 [2015]). Here, although there was direct evidence of defendant’s dominion and control over the apartment based on his presence in the apartment, “there was no direct evidence of his dominion or control over the drugs . . . found in the apartment” (People v Brian, 84 NY2d 887, 889 [1994]; see People v Spencer, 1 AD3d 709, 710 [2003]). Contrary to the People’s contention, the cocaine and most of the paraphernalia were not in plain view (cf. People v Downs, 21 AD3d 1414, 1414-1415 [2005], lv denied 5 NY3d 882 [2005]; People v Wilson, 284 AD2d 958, 958 [2001], lv denied 96 NY2d 943 [2001]). As a result, “to find that defendant had control over the contraband, the drawing of an additional inference was required. For this reason, the circumstantial evidence charge requested by defense counsel was required” (Spencer, 1 AD3d at 710).
 

 We further agree with defendant that the error cannot be deemed harmless. The testimony of defendant’s girlfriend exculpated defendant and, apart from his mere presence in the apartment and several items bearing his name, there was no evidence linking defendant to the apartment in order to establish constructive possession of the contraband. Thus it cannot be said that the proof of defendant’s guilt is overwhelming (see generally People v Crimmins, 36 NY2d 230, 241-242 [1975]).
 

 Present — Centra, J.P., Carni, Lindley, Troutman and Winslow, JJ.