Appeal from a judgment of the Supreme Court, Monroe County (Thomas E. Moran, J.), rendered January 3, 2014. The judgment convicted defendant, upon a jury verdict, of criminal possession of marihuana in the third degree.
 

 It is hereby ordered that the judgment so appealed from is unanimously affirmed.
 

 Memorandum: Defendant appeals from a judgment convicting him upon a jury verdict of criminal possession of marihuana in the third degree (Penal Law § 221.20). During a traffic stop of defendant’s vehicle, a police officer found “two large sandwich bags” of marihuana in a shoe box on the back seat, nine “pill-sized ziplock baggies” of marihuana in a black backpack on the floor of the back seat on the passenger’s side, a digital scale between the driver’s seat and the center console, and an additional pill-sized bag of marihuana and about $1,500 in cash on defendant’s person. The total weight of the marihuana was 8.56 ounces, and the amounts found in different places were not weighed separately. The passenger in the vehicle testified at trial as a defense witness that the marihuana in the backpack was his alone, and that it weighed four to eight ounces.
 

 Defendant contends that the verdict is against the weight of the evidence with respect to whether he constructively possessed the marihuana that was found in the back seat, and therefore whether he possessed more than eight ounces of marihuana (see Penal Law § 221.20). We reject that contention. The circumstances of the stop, including defendant’s possession of a large sum of cash and the presence and position of the scale in his vehicle, “support! ] the conclusion that defendant exercised dominion and control, at least jointly with [the passenger], over the [marihuana in the back seat]” (People v Diaz, 100 AD3d 446, 447 [1st Dept 2012], affd 24 NY3d 1187 [2015]; see § 10.00 [8]; People v Jones, 72 AD3d 452, 452 [1st Dept 2010], lv denied 15 NY3d 806 [2010]; People v Gadsden, 192 AD2d 1103, 1103 [4th Dept 1993], lv denied 82 NY2d 718 [1993]). The jury was entitled to discredit the exculpatory testimony of defendant’s passenger (see People v Robinson, 142 AD3d 1302, 1303-1304 [4th Dept 2016], lv denied 28 NY3d 1126 [2016]; People v Downs, 21 AD3d 1414, 1414-1415 [4th Dept 2005], lv denied 5 NY3d 882 [2005]), particularly given that he was facing a murder charge at the time of defendant’s trial and could be viewed as having “nothing to lose” by admitting to misdemeanor marihuana possession (People v Feliciano, 240 AD2d 256, 257 [1st Dept 1997], lv denied 90 NY2d 1011 [1997]; see § 221.15). Viewing the evidence in light of the elements of the crime as charged to the jury (see People v Danielson, 9 NY3d 342, 349 [2007]), we conclude that a different verdict would not have been unreasonable, but that the jury nonetheless “did not fail to give the evidence the weight it should be accorded” (People v Friello, 147 AD3d 1519, 1520 [4th Dept 2017], lv denied 29 NY3d 1031 [2017]; see generally People v Bleakley, 69 NY2d 490, 495 [1987]).
 

 Present—Whalen, P.J., Peradotto, DeJoseph, NeMoyer and Troutman, JJ.