People v Hall (2018 NY Slip Op 02368)





People v Hall


2018 NY Slip Op 02368


Decided on April 5, 2018


Appellate Division, Third Department


Mulvey, J., J.



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: April 5, 2018

108356

[*1]THE PEOPLE OF THE STATE OF NEW YORK, Respondent,
v
OCTAVIA HALL, Appellant.

Calendar Date: February 15, 2018

Before: Garry, P.J., Devine, Mulvey and Aarons, JJ.


John Ferrara, Monticello, for appellant.
P. David Soares, District Attorney, Albany (Michael C. Wetmore of counsel), for respondent.


Mulvey, J.

Appeal from a judgment of the County Court of Albany County (Herrick, J.), rendered February 11, 2016, upon a verdict convicting defendant of the crime of criminal possession of a controlled substance in the third degree.
During the early morning hours of April 29, 2015, members of the City of Albany Police Department commenced an investigation into a suspected gang shooting involving defendant's son. Later that day, police obtained a search warrant for defendant's residence, where they had reason to believe her son would be. Upon their arrival, officers located defendant's son on the front porch and quickly apprehended him. During their search of the premises for weapons, police recovered quantities of crack cocaine and a digital scale from a bedroom
located on the ground floor. All of the occupants of the home, including defendant, were thereafter transported to the police department for questioning. During a video-recorded interview, and prior to the administration of Miranda warnings, a detective talked extensively with defendant about police interest in her son. Among other things, the detective informed defendant that her son was "knee deep" in gang activity and street violence, that he was "a shooter," that a car rented in her name had been found at the scene of a crime riddled with bullets and that her son was either headed to prison or "to the grave." After providing this information to defendant, the detective then indicated that the drugs found in the house are "the least of our concern." At this point, the detective proceeded to administer Miranda warnings to defendant. When defendant asked whether she was going to be arrested for the drugs seized from her residence, the detective responded that he was not sure. Defendant then made admissions to the [*2]effect that she sleeps in the downstairs bedroom and supplements her income through the crack cocaine found in that room.
As a result, defendant was indicted for two counts of criminal possession of a controlled substance in the third degree. Following a hearing, County Court denied her motion to suppress as involuntary the statements she made to police. Prior to the commencement of trial, defendant made a motion in limine seeking to have the entirety of the recorded interview presented to the jury in the event that the People were to seek to introduce only the post-Miranda portion. In so moving, defense counsel argued that the conversation that transpired during the pre-Miranda portion of the recording was probative of defendant's state of mind at the time that she confessed to possessing the drugs at issue and, therefore, was directly relevant to the issue of the voluntariness of her confession. Stating that it did not "see any reason to allow into evidence proof of the pre[-]Miranda conversation," County Court denied the motion. Defendant again raised this issue before the first witness was sworn and, following argument, the court adhered to its prior determination.
During the People's direct examination of the detective, a redacted version of the recording containing only the post-Miranda portion of the interview was admitted into evidence and played for the jury. Defense counsel's subsequent attempt to cross-examine the detective about the substance of the interview that preceded the administration of the Miranda warnings was met with objections by the People, which were sustained by County Court. Following the detective's testimony, defendant filed a written application requesting that County Court reconsider its ruling limiting the nature and extent of her cross-examination of the detective, arguing that the curtailment of the detective's testimony served to deprive defendant of her constitutional right to present a defense and to effectively argue that her statements were involuntarily made. County Court denied the motion and, in so doing, reiterated its ruling that the pre-Miranda portion of the recorded interview would not be permitted into evidence. Defendant thereafter testified in her own defense, admitting that she informed the detective that the drugs belonged to her, but claiming that she did so in an effort to protect her son. The jury convicted defendant of one count of criminal possession of a controlled substance in the third degree, and she was sentenced, as a second felony offender, to five years in prison followed by three years of postrelease supervision. Defendant appeals.
We agree with defendant that the limitations imposed by County Court on the introduction of evidence concerning the pre-Miranda portion of the interrogation violated her constitutional right to present a defense. The right to present a defense is one of the "minimum essentials of a fair trial" (Chambers v Mississippi, 410 US 284, 294 [1973]; see Washington v Texas, 388 US 14, 19 [1967]) and includes "the right to put before a jury evidence that might influence the determination of guilt" (Taylor v Illinois, 484 US 400, 408 [1988] [internal quotation marks and citation omitted]; see Clark v Arizona, 548 US 735, 769 [2006]). Under well-established evidentiary principles, "all relevant evidence is admissible unless its admission violates some exclusionary rule" (People v Scarola, 71 NY2d 769, 777 [1988]; accord People v Nicholson, 26 NY3d 813, 829 [2016]; People v Harris, 26 NY3d 1, 5 [2015]). "[E]vidence is relevant if it tends to prove the existence or non-existence of a material fact, i.e., a fact directly at issue in the case" (People v Primo, 96 NY2d 351, 355 [2001]; see People v Nicholson, 26 NY3d at 829). A court, in the exercise of its discretion, "may exclude relevant evidence if its probative value is substantially outweighed by the potential for prejudice, trial delay, or the potential to mislead or confuse the jury" (People v Jin Cheng Lin, 26 NY3d 701, 727 [2016] [internal quotation marks and citation omitted]; see People v Frumusa, 29 NY3d 364, 372 [2017]; People v Hayes, 17 NY3d 46, 54 [2011], cert denied 565 US 1095 [2011]). "However, a 'court's discretion in evidentiary rulings is circumscribed by the rules of evidence and the defendant's [*3]constitutional right to present a defense'" (People v Jin Cheng Lin, 26 NY3d at 727, quoting People v Carroll, 95 NY2d 375, 385 [2000]; see People v Powell, 27 NY3d 523, 529-530 [2016]; People v Hudy, 73 NY2d 40, 57 [1988]).
Here, the pre-Miranda portion of the recorded interview does not constitute impermissible hearsay. It consists of statements by the detective to defendant concerning her son's gang membership, extensive criminal behavior and suspected involvement in the shooting that took place the night before. Defendant did not seek to introduce this portion of the recording to prove the truth of any of the statements made therein. Rather, she sought to put this evidence before the jury "to establish [her] state of mind upon hearing [them]" (People v Gibian, 76 AD3d 583, 585 [2010] [internal quotation marks and citation omitted], lv denied 15 NY3d 920 [2010]; see People v Minor, 69 NY2d 779, 780 [1987]; People v Arnold, 147 AD3d 1327, 1328 [2017], lv denied 29 NY3d 996 [2017]; People v Barr, 60 AD3d 864, 864 [2009], lv denied 12 NY3d 851 [2009]; People v Boatwright, 297 AD2d 603, 603 [2002], lv denied 99 NY2d 533 [2002]; People v Boyd, 256 AD2d 350, 351 [1998]).
Further, the substance of the pre-Miranda portion of the interrogation was relevant and material to the state of mind purposes for which defendant sought to offer it. It is beyond cavil that the circumstances surrounding the making of a confession, including the manner in which it was extracted, are relevant to the question of its voluntariness (see Dickerson v United States, 530 US 428, 434 [2000]; Crane v Kentucky, 476 US 683, 688-690 [1986]; People v Guilford, 21 NY3d 205, 208-209 [2013]; People v Anderson, 42 NY2d 35, 38 [1977])[FN1]. Thus, the statements and representations made by the detective during the pre-Miranda portion of the interrogation, and the environment in which they were uttered, had a bearing on whether defendant's inculpatory statements were the product of a "'free and unconstrained'" state of mind (People v Thomas, 22 NY3d 629, 641 [2014], quoting Culombe v Connecticut, 367 US 568, 602 [1961]; see People v Kennedy, 70 AD2d 181, 185 [1979]; compare People v Jin Cheng Lin, 26 NY3d at 728). Morever, "the physical and psychological environment that yielded the confession can also be of substantial relevance to the ultimate factual issue of the defendant's guilt or innocence" (Crane v Kentucky, 476 US at 689). As the Supreme Court of the United States has recognized:
"Confessions, even those that have been found to be voluntary, are not conclusive of guilt. And, as with any other part of the prosecutor's case, a confession may be shown to be insufficiently corroborated or otherwise unworthy of belief. . . . Accordingly, regardless of whether the defendant marshaled the same evidence earlier in support of an unsuccessful motion to suppress, and entirely independent of any question of voluntariness, a defendant's case may stand or fall on his [or her] ability to convince the jury that the manner in which the confession was obtained casts doubt on its credibility" (id. [internal quotation marks, ellipsis and citation omitted]).
Under defendant's theory of the case, the statements made by the detective during the [*4]pre-Miranda portion of the recording not only went to the voluntariness of her confession, but also established why she confessed falsely. Accordingly, County Court's evidentiary rulings here excluded evidence directly relevant to a central issue in this case — defendant's state of mind at the time that she confessed to possessing the drugs.
We further find that the probative value of such evidence was not substantially outweighed by any potential for prejudice. Defendant's entire defense was that the drugs recovered from the first floor bedroom did not belong to her and that, for a variety of reasons, her confession to the contrary should not be believed. To support that defense, defendant sought to portray herself as a concerned mother who was induced to make a false confession in order to protect and save her son from a drug possession charge. While we, of course, do not pass on the strength of her defense, we believe that permitting the introduction of evidence pertaining to the circumstances that yielded the confession was all but indispensable to any chance of it succeeding. For these reasons, we conclude that County Court's ruling precluding the admission of the pre-Miranda portion of the video-recorded interview into evidence, compounded by its curtailment of the detective's testimony concerning the substance of that portion of the interrogation, served to deprive defendant of her right to present a defense and to a fair trial (see Chambers v Mississippi, 410 US at 294; People v Carroll, 95 NY2d at 385-387; People v Arnold, 147 AD3d at 1328; People v Lyons, 112 AD3d 849, 850 [2013]; People v Gibian, 76 AD3d at 585-586).[FN2]
County Court's errors in this regard cannot be deemed harmless. Although defendant herself testified to certain
statements made by the detective during the course of the pre-Miranda portion of the interview, the recording itself would not have been merely cumulative of such testimony. The recorded interview provided an objective account of the interaction and conversation between the detective and defendant that immediately preceded defendant's inculpatory statements. As such, it may well have caused the jury to give more credence to defendant's testimony, which was susceptible to impeachment for personal bias (see People v Dalton, 38 NY2d 222, 226-227 [1976]; People v Boone, 78 AD2d 461, 465 [1981]). Moreover, "a jury's assessment of the voluntariness of defendant's statements may . . . involve more than an analysis of the words spoken to and by [her]" and, under the circumstances of this case, we find that "only the [recording] could establish those intangibles that might properly be considered" (People v Combest, 4 NY3d at 349). Further, defendant's confession was the People's key piece of evidence, and the remaining proof of defendant's constructive possession of the drugs found in the first-floor bedroom was far from overwhelming (see People v Ayala, 154 AD3d 1293, 1294 [2017]; People v DeJesus, 44 AD3d 464, 467-469 [2007], lv denied 10 NY3d 763 [2008]; compare People v Holland, 126 AD3d 1514, 1515 [2015], lv denied 25 NY3d 1165 [2015]). Thus, on the record before us, we cannot say that "there is no reasonable possibility that the error might have contributed to defendant's conviction and that it was thus harmless beyond a reasonable doubt" (People v Crimmins, 36 NY2d 230, 237 [1975]).
In light of the foregoing, we need not reach defendant's remaining ascription of error.
Garry, P.J., Devine and Aarons, JJ., concur.
ORDERED that the judgment is reversed, on the law, and matter remitted to the County Court of Albany County for a new trial.



Footnotes

Footnote 1: Notwithstanding the denial of her motion to suppress her inculpatory statements, defendant was entitled to attempt to show at trial that those statements should be disregarded by the jury as involuntarily made (see CPL 710.70; People v Combest, 4 NY3d 341, 347-348 [2005]; People v Graham, 55 NY2d 144, 147 [1982]).

Footnote 2: Because we find that the excluded evidence should have been admitted on relevancy grounds, we need not reach the issue of whether exclusion of the pre-Miranda portion of the interview violated the rule of completeness (see People v Dlugash, 41 NY2d 725, 736 [1977]; People v Gallo, 12 NY2d 12, 15 [1962]; People v Walker, 285 AD2d 364, 365 [2001], lv denied 97 NY2d 643 [2001]; People v Rodriguez, 188 AD2d 566, 567 [1992]; see also Jerome Prince, Richardson on Evidence § 8-210 [Farrell 11th ed 1995]).