People v Cox (2018 NY Slip Op 03447)





People v Cox


2018 NY Slip Op 03447


Decided on May 10, 2018


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on May 10, 2018

Friedman, J.P., Tom, Kapnick, Kahn, Kern, JJ.


6524 4621/12

[*1]The People of the State of New York, Respondent,
v
Lindell Cox, Defendant-Appellant.


Seymour W. James, Jr., The Legal Aid Society, New York (Allen Fallek of counsel), for appellant.
Cyrus R. Vance, Jr., District Attorney, New York (Michael D. Tarbutton of counsel), for respondent.



Judgment, Supreme Court, New York County (Charles H. Solomon, J., at severance motion; Daniel P. Conviser, J. at jury trial and sentencing), rendered September 9, 2014, convicting defendant of robbery in the first degree (two counts), robbery in the second degree (four counts) and assault in the second degree, and sentencing him to an aggregate term of five years, unanimously affirmed.
Defendant's severance motion was properly denied. The counts relating to the two incidents were properly joined pursuant to CPL 200.20(2)(b) based on mutually admissible evidence to demonstrate identity, as well as the intent required for accessorial liability (see e.g. People v Mitchell, 24 AD3d 103, 104 [1st Dept 2005], lv denied 6 NY3d 778 [2006]). The crimes were closely related because they both involved the continuing animosity between competing gangs, and we have repeatedly held that "a pattern of crimes employing a unique modus operandi is not the exclusive situation in which uncharged crimes may be probative of identity" (People v Laverpool, 267 AD2d 93, 94 [1st Dept 1999], lv denied 94 NY2d 904 [2000]). Thus, a discretionary severance was not available. In any event, the counts were also properly joined as legally similar pursuant to CPL 200.20(2)(c), and defendant failed to make a sufficient showing for a discretionary severance pursuant to CPL 200.20(3).
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: MAY 10, 2018
CLERK