People v Atkins (2018 NY Slip Op 04889)





People v Atkins


2018 NY Slip Op 04889


Decided on June 29, 2018


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on June 29, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., CARNI, LINDLEY, DEJOSEPH, AND WINSLOW, JJ.


759 KA 16-00455

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
EDWARD ATKINS, DEFENDANT-APPELLANT. 






FRANK H. HISCOCK LEGAL AID SOCIETY, SYRACUSE (ELIZABETH RIKER OF COUNSEL), FOR DEFENDANT-APPELLANT. 
WILLIAM J. FITZPATRICK, DISTRICT ATTORNEY, SYRACUSE (ALPHONSE L. WILLIAMS, III, OF COUNSEL), FOR RESPONDENT. 


 Appeal from a judgment of the Onondaga County Court (William D. Walsh, J.), rendered May 21, 2007. The judgment convicted defendant, upon a jury verdict, of grand larceny in the third degree, reckless endangerment of property and removal of trees. 
It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.
Memorandum: Defendant appeals from a judgment convicting him upon a jury verdict of grand larceny in the third degree (Penal Law
§ 155.35 [1]), reckless endangerment of property (§ 145.25), and removal of trees (ECL 9-1501). We reject defendant's contention that the conviction is not supported by legally sufficient evidence. There is a valid line of reasoning and permissible inferences that could lead a rational person to conclude that defendant committed the crimes in question (see generally People v Bleakley, 69 NY2d 490, 495 [1987]). Also contrary to defendant's contention, viewing the evidence in light of the elements of the crimes as charged to the jury (see People v Danielson, 9 NY3d 342, 349 [2007]), we conclude that the verdict is not against the weight of the evidence (see generally Bleakley, 69 NY2d at 495). Contrary to defendant's further contention, we conclude that County Court did not abuse its discretion in denying defendant's request for an adjournment to afford defense counsel additional time to prepare for trial. " [T]he granting of an adjournment for any purpose is a matter resting within the sound discretion of the trial court' " (People v Diggins, 11 NY3d 518, 524 [2008]), and "[t]he court's exercise of discretion in denying a request for an adjournment will not be overturned absent a showing of prejudice" (People v Arroyo, 161 AD2d 1127, 1127 [4th Dept 1990], lv denied 76 NY2d 852 [1990]). Defendant made no such showing here.
Defendant contends that the court erred in precluding him from offering the testimony of a witness who was not included on defendant's witness list. We agree with defendant that the proffered testimony of the witness was not inadmissible hearsay and that the court erred in precluding the witness's testimony on that ground, inasmuch as it is well settled that evidence of a statement offered only to prove that the statement was made or for the effect of its utterance but not to prove the truth of its contents is not inadmissible hearsay (see People v Ricco, 56 NY2d 320, 328 [1982]; People v Jordan, 201 AD2d 961, 961 [4th Dept 1994], lv denied 83 NY2d 873 [1994]). We note, however, that the court also precluded the testimony of that witness on the additional ground that the witness was not included on defendant's witness list. Even assuming, arguendo, that the court erred in precluding the testimony of the witness on that ground, we conclude that the error is harmless inasmuch as the evidence of guilt is overwhelming, and there is no reasonable possibility that the error contributed to defendant's conviction (see generally People v Crimmins, 36 NY2d 230, 237 [1975]; People v Arnold, 147 AD3d 1327, 1328 [4th Dept 2017], lv denied 29 NY3d 996 [2017]).
Finally, we reject defendant's contention that he was denied effective assistance of [*2]counsel. Viewing the evidence, the law and the circumstances of this case in totality and as of the time of the representation, we conclude that defendant received meaningful representation (see generally People v Baldi, 54 NY2d 137, 147 [1981]). The record establishes that the court "did not act as an advocate for either side, or convey any opinion to the jury" based on its participation during the testimony of the victim, who had a limited command of the English language and "had difficulty in comprehending questions and making himself understood" (People v Martinez, 35 AD3d 156, 156-157 [1st Dept 2006], lv denied 8 NY3d 924 [2007]). Thus, contrary to defendant's contention, defense counsel's failure to object to the court's participation in the testimony of that witness does not constitute ineffective assistance of counsel, inasmuch as any objection would have had "little or no chance of success" (People v Dashnaw, 37 AD3d 860, 863 [3d Dept 2007], lv denied 8 NY3d 945 [2007] [internal quotation marks omitted]). We further conclude that defense counsel's failure to include all potential witnesses on defendant's witness list was not " so egregious and prejudicial' as to deprive defendant of a fair trial" (People v Cummings, 16 NY3d 784, 785 [2011], cert denied 565 US 862 [2011]; see generally People v Thompson, 21 NY3d 555, 561 [2013]).
Entered: June 29, 2018
Mark W. Bennett
Clerk of the Court