People v Hyland (2019 NY Slip Op 00619)





People v Hyland


2019 NY Slip Op 00619


Decided on January 30, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on January 30, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
RUTH C. BALKIN
ROBERT J. MILLER
ANGELA G. IANNACCI, JJ.


2017-00894
 (Ind. No. 124/15)

[*1]The People of the State of New York, respondent,
v
Terrance Hyland, appellant.


Stacy Eves, Rockville Centre, NY, for appellant.
Madeline Singas, District Attorney, Mineola, NY (Douglas Noll and Andrea M. DiGregorio of counsel), for respondent.



DECISION & ORDER
Appeal by the defendant from a judgment of the Supreme Court, Nassau County (Angelo A. Delligatti, J.), rendered January 13, 2017, convicting him of robbery in the first degree (two counts), robbery in the second degree, assault in the second degree (two counts), and criminal possession of a weapon in the third degree, upon a jury verdict, and imposing sentence.
ORDERED that the judgment is affirmed.
In January 2015, the victim allegedly was assaulted and robbed by the defendant, the codefendant, and an unidentified individual. The defendant and the codefendant were charged with, among other things, robbery in the first degree and assault in the second degree under an acting-in-concert theory. At the jury trial, the victim testified that he, the defendant, and the codefendant were members of a gang, and that he believed the attack to be gang-related in that he was accused by the codefendant of "snitch[ing]" on another gang member. After the trial, the jury found the defendant guilty of two counts of robbery in the first degree, one count of robbery in the second degree, two counts of assault in the second degree, and one count of criminal possession of a weapon in the third degree. The defendant appeals.
Contrary to the defendant's contention, the evidence regarding his membership in a gang was relevant to the issue of motive and to explain the relationship among the parties (see People v Guerrero, 150 AD3d 883; People v Ford, 133 AD3d 442; People v Tyrell, 82 AD3d 1352; People v Cain, 16 AD3d 288). Since the probative value of this evidence outweighed the prejudice to the defendant, the Supreme Court providently exercised its discretion in permitting the People to present such evidence (see People v Gonzales-Martinez, 136 AD3d 651, 652; People v Bruno, 127 AD3d 986, 986; People v Guevara, 96 AD3d 781, 781-782).
We agree with the Supreme Court's determination to admit into evidence statements attributed to the nontestifying codefendant, as the statements were not admitted for the truth of the matter asserted. "[T]he mere utterance of a statement, without regard to its truth, may indicate circumstantially the state of mind of the hearer or of the declarant" (People v Gibian, 76 AD3d 583, 584 [internal quotation marks omitted]; see People v Hall, 160 AD3d 210; People v Arnold, 147 AD3d 1327; People v Cromwell, 71 AD3d 414, 415). In this case, the statements at issue were [*2]admitted not for their truth, but to establish the victim's state of mind upon hearing them (see People v Arnold, 147 AD3d 1327; People v Gibian, 76 AD3d 583; People v Cromwell, 71 AD3d 414), and to provide a basis upon which the jury could infer accessorial liability (see People v Ayala, 273 AD2d 40). Additionally, the statements were admissible for the nonhearsay purpose of completing the narrative (see id.). In light of the foregoing, we need not reach the defendant's remaining contentions regarding this issue.
Contrary to the defendant's contention, the amendment of the indictment to reflect that the defendant and the codefendant acted in concert with the unnamed individual did not change the theory of the case or unduly prejudice the defendant. The amendment was consistent with the initial theory, of which the defendant had notice, that he acted with another to commit a robbery (see CPL 200.70; People v Davis, 273 AD2d 476; People v Christie, 210 AD2d 497; People v Roseboro, 182 AD2d 784, 785; People v Budhai, 182 AD2d 693).
DILLON, J.P., BALKIN, MILLER and IANNACCI, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court