People v Brown (2019 NY Slip Op 03468)





People v Brown


2019 NY Slip Op 03468


Decided on May 2, 2019


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on May 2, 2019

Sweeny, J.P., Gische, Webber, Kahn, Moulton, JJ.


170/15 9179 9178

[*1]The People of the State of New York, Respondent,
v
Robert Brown, Defendant-Appellant.


Robert S. Dean, Center for Appellate Litigation, New York (Jacqueline A. Meese-Martinez of counsel), for appellant.
Robert Brown, appellant pro se.
Cyrus R. Vance, Jr., District Attorney, New York (Samuel Z. Goldfine of counsel), for respondent.



Judgment, Supreme Court, New York County (Gregory Carro, J. at suppression hearing and severance motion; Michael R. Sonberg, J. at jury trial and sentencing), rendered August 1, 2016, convicting defendant of burglary in the third degree (seven counts), grand larceny in the third degree (two counts), grand larceny in the fourth degree (four counts), unauthorized use of a vehicle in the second degree (seven counts), tampering with physical evidence and reckless endangerment in the second degree, and sentencing him, as a second felony offender, to an aggregate term of 10 to 20 years, unanimously modified, as a matter of discretion in the interest of justice, to the extent of vacating the burglary conviction under the first count of the indictment and the unauthorized use of a vehicle conviction under the third count, and dismissing those counts, and otherwise affirmed; and order, same court (Michael R. Sonberg, J.), entered on or about October 25, 2017, which denied defendant's CPL 440.10 motion to vacate the judgment, unanimously affirmed.
Except as indicated, the verdict was based on legally sufficient evidence and was not against the weight of the evidence (see People v Danielson, 9 NY3d 342, 348-349 [2007]). Defendant's challenges to the proof of value regarding the third-degree grand larceny convictions are unavailing. In each instance, the victim was a knowledgeable businessperson familiar with the value of the tools and materials of his trade. The jury could reasonably infer from each victim's testimony that the expensive property in question could not have depreciated to such a small fraction of its original value by the time of the thefts that the $3000 statutory was not met.
However, we agree with defendant's unpreserved argument that there was insufficient evidence of burglary and unauthorized use of a vehicle regarding the June 12, 2014 incident. As to that incident, the evidence, even when viewed in the light most favorable to the People, only established that defendant was one of the men who unloaded a stolen van, but not that he entered or operated it. 
Defendant was charged in a single indictment with counts relating to seven incidents involving stolen vans, and these incidents involved mutually admissible evidence, including videotapes, that established defendant's identity (see e.g. People v Mitchell, 24 AD3d 103, 104 [1st Dept 2005], lv denied 6 NY3d 778 [2006]; People v Scott, 276 AD2d 380 [1st Dept 2000], lv denied 96 NY2d 738 [2001]). Joinder of these counts was proper under both CPL 200.20(2)(b) and (2)(c), and the court providently exercised its discretion in denying defendant's motion for severance.
The hearing court properly denied defendant's motion to suppress identification testimony. We have examined the photo array at issue, in which the photographs depict persons [*2]of varying skin tones and display varying lighting effects. We conclude that any difference in the skin tones and lighting effects was not noticeable enough to create a substantial likelihood that defendant would be singled out for identification (see generally People v Chipp, 75 NY2d 327, 336 [1990], cert denied 498 US 833 [1990]). Moreover, although suggestiveness does not turn solely on this factor (People v Perkins, 28 NY3d 432 [2016]), the alleged deficiencies in the photo array were unrelated to the description that had been provided by the identifying witness.
The court properly exercised its discretion in denying defendant's CPL 440.10 motion without holding a hearing (see People v Samandarov, 13 NY3d 433, 439-440 [2009]). The submissions on the motion, along with the trial record, were sufficient to support the conclusion that defendant received effective assistance under the state and federal standards (see People v Benevento, 91 NY2d 708, 713-714 [1998]; Strickland v Washington, 466 US 668 [1984]. Defendant has not shown that any of counsel's alleged deficiencies fell below an objective standard of reasonableness, or that, viewed individually or collectively, they deprived him of a fair trial or affected the outcome of the case, or that a hearing was necessary to resolve any such issues.
We perceive no basis for reducing the sentence.
Defendant's pro se contentions are unpreserved, and we decline to review them in the interest of justice. As an alternative holding, we reject them on the merits.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: MAY 2, 2019
CLERK