■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CELSO ALVAREZ, Appellant. [965 NYS2d 466]—

Judgment, Supreme Court, New York County (Lewis Bart Stone, J.), rendered June 22, 2010, convicting defendant, after a jury trial, of murder in the second degree, robbery in the first degree (three counts) and robbery in the second degree, and sentencing him to an aggregate term of 22 years to life, unanimously affirmed.

The verdict was not against the weight of the evidence (see People v Danielson, 9 NY3d 342, 348-349 [2007]). There is no basis for disturbing the jury's credibility determinations, and its rejection of defendant's theory that he was a victim of the robbery rather than a participant. The testimony of the cooperating accomplice was amply supported by the testimony of other witnesses, as well as other evidence, including, among other things, the telephone records of defendant and his accomplices from the night of the robbery.

Defendant's claim that his counsel rendered ineffective assistance by permitting defendant to choose whether to assert the felony murder affirmative defense (see Penal Law § 125.25 [3]) is unreviewable on direct appeal because it involves matters not reflected in, or not fully explained by, the trial record (see People v Rivera, 71 NY2d 705, 709 [1988]; People v Love, 57 NY2d 998 [1982]). The record is unclear as to whether counsel waived this

defense solely at defendant's request, or "after consulting with and weighing the accused's views along with other relevant considerations" (*People v Colville*, 20 NY3d 20, 32 [2012]). On the existing record, to the extent it permits review, we find that defendant received effective assistance under the state and federal standards (*see People v Benevento*, 91 NY2d 708, 713-714 [1998]; *see also Strickland v Washington*, 466 US 668 [1984]). Even assuming counsel deferred to defendant's wishes with regard to asserting the affirmative defense, it was objectively reasonable for counsel to do so, given the nature of an affirmative defense (*see People v Petrovich*, 87 NY2d 961, 963 [1996]; *see also Colville*, 20 NY3d at 31-32).

Defendant's pro se ineffective assistance arguments are likewise unreviewable because they turn on matters outside the record; to the extent the record permits review of these arguments, we find them to be without merit. We have considered and rejected defendant's other pro se claims.

We perceive no basis for reducing the sentence. Concur—Tom, J.P., Acosta, Renwick, DeGrasse and Richter, JJ.