■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CHARLES FLOW, Appellant. [53 NYS3d 51]—

Judgment, Supreme Court, Bronx County (George Villegas, J.), rendered October 24, 2013, convicting defendant, after a jury trial, of robbery in the first and third degrees, and sentencing him, as a persistent violent felony offender, to a term of 20 years to life, consecutive to a sentence imposed in New York County on April 27, 2010, unanimously modified, as a matter of discretion in the interest of justice, to the extent of directing that the sentence be served concurrently with the New York County sentence, and also modified, on the law, to the extent of dismissing the third-degree robbery count as a lesser included offense, and otherwise affirmed.

The verdict was not against the weight of the evidence (*see People v Danielson*, 9 NY3d 342, 348-349 [2007]). On the contrary, the evidence of defendant's guilt was overwhelming. Two bank tellers and a customer made reliable identifications, defendant left his fingerprint on a envelope in a teller's drawer,

and the bank surveillance videotape depicted a man resembling defendant. Defendant was properly convicted of first-degree robbery under the theory of displaying what appeared to be a weapon (*see People v Smith*, 29 NY3d 91 [Mar. 28, 2017]), which does not require any proof of possession of an actual firearm. The affirmative defense set forth in Penal Law § 160.15 (4) was neither raised nor supported by any evidence.

Even if defense counsel improperly deferred to defendant the decision not to exercise a peremptory challenge to a juror (*see People v Colon*, 90 NY2d 824, 825-826 [1997]), harmless error applies (*see People v Colville*, 20 NY3d 20, 32-33 [2012]), and we find that any error was harmless. In addition, the court providently exercised its discretion in denying defendant's belated attempt to peremptorily challenge the juror (*see* CPL 270.15; *People v Brown*, 52 AD3d 248 [1st Dept 2008], *lv denied* 11 NY3d 735 [2008]).

The court providently exercised its discretion in admitting carefully limited evidence that tended to connect defendant, by way of fingerprint and description evidence, to a bank robbery committed in Manhattan the day before the robbery at issue. This constituted necessary background material to complete the narrative of events and explain how defendant came to be identified (*see People v Morris*, 21 NY3d 588 [2013]), and the probative value of this evidence exceeded its potential for prejudice, which was minimized by the court's limiting instructions. In any event, regardless of whether the court erred in admitting evidence of an uncharged crime, we find that any error was harmless (*see People v Crimmins*, 36 NY2d 230 [1975]).

The court also properly exercised its discretion in limiting the scope of defense counsel's summation by sustaining the prosecutor's objections and striking certain arguments that strayed from the evidence or did not bear on any legitimate issues in the case (*see People v Smith*, 16 NY3d 786, 787-788, [2011]), and there was no violation of defendant's right to present a defense with the aid of counsel. Furthermore, the court generally permitted counsel to make arguments that were similar to the excluded arguments, but in different form. In any event, any error in this regard was also harmless.

Defendant's ineffective assistance of counsel claims are unreviewable on direct appeal because they involve matters not reflected in, or fully explained by, the record (*see People v Rivera*, 71 NY2d 705, 709 [1988]; *People v Love*, 57 NY2d 998 [1982]). Accordingly, since defendant has not made a CPL 440.10 motion, the merits of the ineffectiveness claims may not

be addressed on appeal. In the alternative, to the extent the existing record permits review, we find that defendant received effective assistance under the state and federal standards (*see People v Benevento*, 91 NY2d 708, 713-714 [1998]; *Strickland v Washington*, 466 US 668 [1984]). Defendant has not shown that counsel's failure to make a constitutional speedy trial motion (where a statutory speedy trial motion not at issue on appeal yielded only 45 days of includable time), or to pursue the affirmative defense to first-degree robbery, were objectively unreasonable, or that they resulted in any prejudice.

We find the sentence excessive to the extent indicated. Concur—Tom, J.P., Mazzarelli, Andrias, Manzanet-Daniels and Webber, JJ.