The People of the State of New York, Respondent,
against
Rafael Almanzar, Defendant-Appellant.



Defendant appeals from a judgment of the Criminal Court of the City of New York, New York County (Melissa C. Jackson, J.), rendered October 19, 2010, convicting him, after a nonjury trial, of attempted assault in the third degree and harassment in the second degree, and imposing sentence.




Per Curiam.
Judgment of conviction (Melissa C. Jackson, J.), rendered October 19, 2010, affirmed.
Defendant's claim that counsel was ineffective because he failed to make a timely speedy trial motion where the People's off-calendar statements of readiness could be challenged, is unreviewable on direct appeal because it involves matters not reflected in, or fully explained by, the record (see People v Rivera, 71 NY2d 705, 709 [1988]; People v Joaquin, 150 AD3d 618, 619-620 [2017], lv denied 29 NY3d 1128 [2017]). Accordingly, since defendant has not made a CPL 440.10 motion, the merits of the ineffectiveness claim may not be addressed on appeal (see People v Flow, 149 AD3d 647, 648-649 [2017], lv denied 29 NY3d 1091 [2017]). Alternatively, to the extent the existing record permits review, we find that defendant received effective assistance under the state and federal standards (see People v Benevento, 91 NY2d 708, 713—714 [1998]; Strickland v Washington, 466 US 668 [1984]). Defendant has not shown that counsel's failure to make a speedy trial motion was objectively unreasonable, or that it resulted in any prejudice, when defendant's own calculations yielded 83 days of includable time (see People v Flow, 149 AD3d at 649; see also People v Brunner, 16 NY3d 820, 821 [2011]). 
THIS CONSTITUTES THE DECISION AND ORDER OF THE COURT.
I concur I concur I concur
Decision Date: December 14, 2017