People v Zuniga (2020 NY Slip Op 05699)





People v Zuniga


2020 NY Slip Op 05699


Decided on October 13, 2020


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: October 13, 2020

Before: Webber, J.P., Mazzarelli, Oing, Shulman, JJ. 


Ind No. 1183/17 Appeal No. 12030 Case No. 2019-885 

[*1]The People of the State of New York, Respondent,
v
Loran Zuniga, Defendant-Appellant.


Robert S. Dean, Center for Appellate Litigation, New York (Zoe Root of counsel), for appellant. 
Cyrus R. Vance, Jr. District Attorney, New York (Jonathan Cantarero of counsel), for respondent. 



Judgment, Supreme Court, New York County (Robert M. Mandelbaum, J.), rendered November 16, 2018, convicting defendant, after a jury trial, of criminal possession of a controlled substance in the fifth degree and two counts of criminally using drug paraphernalia in the second degree, and sentencing him, as a second felony drug offender, to an aggregate term of 6 months, unanimously modified, on the law, to the extent of vacating the sentence and remanding for a new predicate offender proceeding, and otherwise affirmed.
Defendant's contention that the court improperly permitted him to overrule his lawyer regarding the admission of certain testimony is unreviewable on the present record (see People v Kinchen, 60 NY2d 772, 773-74 [1983]; People v Alvarez, 106 AD3d 568 [2013], lv denied 21 NY3d 1013 [2013]). The record shows that defendant disagreed with his lawyer's initial inclination to exclude the evidence at issue, but leaves unclear whether "after consulting with and weighing the accused's views along with other relevant considerations" (People v Colville, 20 NY3d 20, 32 [2012]), counsel was ultimately persuaded by or acquiesced in his client's position, or had other strategic reasons for allowing the testimony to be received.
The court properly declined to submit seventh-degree criminal possession of a controlled substance as a lesser included offense because there was no reasonable view of the evidence, viewed most favorably to defendant, to support that charge. "There was no basis, other than sheer speculation, for the jury to find that the chemist inaccurately weighed the drugs, or to otherwise reject the portion of [her] testimony concerning the weight of the substance, while at the same time accepting the portion of [her] testimony identifying the substance" (People v Johnson, 66 AD3d 537, 538 [1st Dept 2009]).
However, as the People concede, the matter should be remanded for resentencing in view of apparent defects in the predicate felony statement.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: October 13, 2020