People v Reid (2022 NY Slip Op 01425)





People v Reid


2022 NY Slip Op 01425


Decided on March 08, 2022


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: March 08, 2022

Before: Acosta, P.J., Renwick, Webber, Kern, Friedman, JJ. 


Ind. No. 2707/14, 4839/16 Appeal No. 15464 Case No. 2017-03285 

[*1]The People of the State of New York, Respondent,
v
Dwight Reid, Defendant-Appellant. 


Romano & Kuan, PLLC, New York (Richard M. Greenberg of counsel), for appellant.
Alvin L. Bragg, Jr., District Attorney, New York (David M. Cohn of counsel), for respondent.



Judgment, Supreme Court, New York County (Ruth Pickholz, J.), rendered May 31, 2017, convicting defendant, after a jury trial, of murder in the second degree and criminal possession of a weapon in the second degree (two counts), and sentencing him, as a persistent violent felony offender, to an aggregate term of 50 years to life, unanimously modified, on the law, to the extent of directing that all sentences be served concurrently, and otherwise affirmed.
The court's midtrial closure of the courtroom to all spectators for the remainder of the trial was a provident exercise of discretion under the extraordinary circumstances presented. The court made detailed findings regarding photos taken in the courtroom and posted online, and spectators' other conduct in the courtroom (some of which was directed at the court itself) and elsewhere in the courthouse. The court relied on undisputed facts, as well as its own observations of spectators' intimidating behavior and demeanor, the seriousness of which was not necessarily reflected in the cold record. The cumulative effect of all this misconduct by spectators in general established an overriding interest in closing the courtroom to prevent intimidation (see Waller v Georgia, 467 US 39, 48 [1984]; People v Ming Li, 91 NY2d 913, 917 [1998]; People v Ford, 133 AD3d 442, 443 [1st Dept 2015], lv denied 27 NY3d 1150 [2016]). The only alternative to closure offered by defendant would have been ineffective in preventing intimidation. Defendant failed to preserve his arguments that the court should have considered certain other alternatives, and conducted a Hinton hearing, and we decline to review them in the interest of justice. In any event, we find those arguments unavailing.
Defendant's claim that his counsel rendered ineffective assistance in declining to request the replacement of a sworn juror is unreviewable on direct appeal. During trial, a juror revealed that he recognized a prosecution witness as a person with whom he was slightly acquainted, although he had not seen the witness in a few years. The juror gave the court his assurance that his relationship with the witness was minimal and remote, and that it would not influence his verdict. On appeal, defendant asserts that his counsel improperly deferred to his client's desire to permit the juror to continue serving. However, the record does not fully explain counsel's decision-making process and consultations with defendant (see People v Zuniga, 187 AD3d 519 [1st Dept 2020], lv denied 36 NY3d 977 [2020]). Accordingly, because defendant has not made a CPL 440.10 motion, the merits of this claim may not be addressed on appeal. In the alternative, to the extent the existing record permits review, we find that defendant received effective assistance under the state and federal standards (see People v Benevento, 91 NY2d 708, 713-714 [1998]; Strickland v Washington, 466 US 668 [1984]). Defendant has not shown that he was prejudiced by his counsel's decision [*2]not to request replacement of the juror with an alternate (see People v Colville, 20 NY3d 20, 32-33 [2012]; People v Flow, 149 AD3d 647, 648 [1st Dept 2017], lv denied 29 NY3d 1091 [2017]).
A Facebook photo showing a person claimed by the People to be defendant (but not identified as defendant by any witness) wearing a coat similar to the one worn by the shooter was not sufficiently authenticated (see People v Price, 29 NY3d 472 [2017]). However, the error in admitting this photo was harmless in light of the overwhelming evidence of defendant's guilt (see People v Crimmins, 36 NY2d 230 [1975]).
As the People concede, the sentence imposed for possessing a loaded firearm with intent to use it unlawfully against another (Penal Law § 265.03[1][b]) is required to run concurrently with the sentence imposed on the murder count, because there is no evidence that defendant possessed the weapon with an unlawful intent distinct from his intent to kill the victim, and given that the unlawful intent was completed upon the shooting (see People v Wright, 19 NY3d 359, 367 [2012]). We reject the People's request for a remand to allow the court to consider restructuring the sentences so that the sentence for possessing a loaded firearm outside defendant's home or place of business (Penal Law § 265.03[3]), would run consecutively to the other sentences, because the
People have not met their burden (see People v Laureano, 87 NY2d 640, 643 [1996]) to show that such consecutive sentences would be legally permissible (see People v Brown, 21 NY3d 739, 751 [2013]).THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: March 8, 2022