People v Malave (2023 NY Slip Op 02852)

People v Malave

2023 NY Slip Op 02852

Decided on May 30, 2023

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: May 30, 2023

Before: Kern, J.P., Friedman, Kennedy, Scarpulla, Pitt-Burke, JJ. 

Ind. No. 3611/18 Appeal No. 339 Case No. 2021-02019 

[*1]The People of the State of New York, Respondent,
v
Miguel Malave, Defendant-Appellant.

Caprice R. Jenerson, Office of the Appellate Defender, New York (Sean Nuttall of counsel, and Shirley LaVarco, of the bar of the District of Columbia, admitted pro hac vice, of counsel), for appellant.
Alvin L. Bragg, Jr., District Attorney, New York (Meghan McLoughlin of counsel), for respondent.

Judgment, Supreme Court, New York County (Cassandra M. Mullen, J.), rendered March 12, 2020, convicting defendant, after a jury trial, of criminal possession of stolen property in the third degree, possession of a stolen vehicle and aggravated unlicensed operation of a motor vehicle in the third degree, and sentencing him, as a second felony offender, to an aggregate term of 3½ to 7 years, unanimously affirmed.
Defendant's legal sufficiency claim regarding the value of the stolen property is unpreserved and we decline to review it in the interest of justice. As an alternative holding, we reject it on the merits. We also find that the verdict was not against the weight of the evidence (see People v Danielson, 9 NY3d 342, 348-349 [2007]). The record supports the conclusion that the minor damage to the stolen motorcycle, whose book value was $5,570 according to the People's expert, did not cause the motorcycle's market value to drop below the statutory threshold of $3,000 required to prove third-degree criminal possession of stolen property (see People v White, 167 AD2d 256, 257 [1st Dept 1990], lv denied 77 NY2d 912 [1991]).
"Defense counsel having failed to make known his position" (People v George, 67 NY2d 817, 819 [1986]), defendant did not preserve his claim that, in order to explain his flight from police officers and an intervening civilian, he was entitled to comment on the racial or ethnic difference between himself and his pursuers. Defendant likewise failed to preserve his claim that he was deprived of his constitutional right to present a defense by the court's rulings striking certain voir dire remarks and summation arguments referring to race (see People v Lane, 7 NY3d 888, 889 [2006]). We decline to review his claims in the interest of justice. As an alternative holding, we find no basis for reversal. During jury selection and summation, defense counsel made racial references, without offering any theory of relevance when the court sustained objections. Nor was such evidence presented during the trial. In any event, during summation, counsel was able to make essentially the same point about why defendant's flight did not show a consciousness of guilt that he now claims to have been entirely precluded (see People v Flow, 149 AD3d 647, 648 [1st Dept 2017], lv denied 29 NY3d 1091 [2017]).
We perceive no basis for reducing the sentence. THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: May 30, 2023