# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**815**

**CA 11-00168**

PRESENT: CENTRA, J.P., PERADOTTO, LINDLEY, AND SCONIERS, JJ.

---

SHENICE BROWN, INFANT, BY THE PARENT AND
NATURAL GUARDIAN, FRANCES BROWN,
PLAINTIFF-RESPONDENT,

V                                           MEMORANDUM AND ORDER

OSAMARINA V. SMITH, IN HER REPRESENTATIVE
CAPACITY AS ADMINISTRATRIX OF THE ESTATE OF
WILLIAM H. SMITH, DECEASED, DEFENDANT,
AND GEORGE POWELL, IN HIS REPRESENTATIVE
CAPACITY AS EXECUTOR OF THE ESTATE OF
SARAH SHULTZ STUVER, DECEASED,
DEFENDANT-APPELLANT.

---

HANCOCK & ESTABROOK, LLP, SYRACUSE (JANET D. CALLAHAN OF COUNSEL), FOR
DEFENDANT-APPELLANT.

THORNTON & NAUMES, LLP, ROCHESTER (DAVID J. MCMORRIS OF COUNSEL), FOR
PLAINTIFF-RESPONDENT.

---

Appeal from an order of the Supreme Court, Monroe County (Matthew A. Rosenbaum, J.), entered April 20, 2010 in a personal injury action. The order, insofar as appealed from, denied the motion of defendant George Powell, in his representative capacity as executor of the estate of Sarah Shultz Stuver, deceased, for summary judgment.

It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.

Memorandum: The infant plaintiff commenced this action seeking damages for injuries she allegedly sustained as a result of her exposure to lead paint while residing in a house rented to her mother by George Powell (defendant), as executor of the estate of Sarah Shultz Stuver. Supreme Court properly denied defendant's motion for summary judgment seeking dismissal of the complaint against him. Defendant failed to meet his initial burden of establishing that he did not have actual or constructive notice of the lead-paint condition (*see Harden v Tynatishon*, 49 AD3d 604, 605; *Vidal v Rodriguez*, 301 AD2d 517, 518; *Alexander v Westminster Presbyt. Church*, 291 AD2d 813, 813-814; *see generally Chapman v Silber*, 97 NY2d 9, 15). In support of his motion, he submitted only the pleadings, an affirmation of his attorney, and a memorandum of law. "It is well established, however, that an affirmation submitted by an attorney who has no personal knowledge of the facts is without evidentiary value" (*Conti v City of*

*Niagara Falls Water Bd.*, 82 AD3d 1633, 1634), and that a memorandum of law also has no evidentiary value and, indeed, is properly included in a record on appeal for the sole purpose of establishing that an issue has been preserved for our review (*see generally Matter of Lloyd v Town of Greece Zoning Bd. of Appeals* [appeal No. 2], 292 AD2d 818). It is also well settled that, in seeking summary judgment dismissing a complaint, "[a] moving party must affirmatively establish the merits of [his or her] . . . defense and does not meet [his or her] burden by noting gaps in [the] opponent's proof" (*Orcutt v American Linen Supply Co.*, 212 AD2d 979, 980; *see Frank v Price Chopper Operating Co.*, 275 AD2d 940). Although in his brief on appeal defendant relies on evidence submitted by plaintiff in opposition to the motion, i.e., plaintiff's deposition testimony, we do not consider that deposition testimony in determining the merits of defendant's motion inasmuch as he failed to meet his initial burden of proof (*see Larkin v Rochester Hous. Auth.*, 81 AD3d 1354, 1355). Defendant's failure to do so requires denial of the motion, regardless of the sufficiency of the opposing papers (*see generally Alvarez v Prospect Hosp.*, 68 NY2d 320, 324).

Entered:  June 10, 2011                           Patricia L. Morgan
                                                  Clerk of the Court