The court properly denied defendant’s suppression motion. There is no basis for disturbing the hearing court’s credibility determinations. The police had the authority to stop defendant’s van for a traffic violation, regardless of whether they had other motives for making the stop (see People v Robinson, 97 NY2d 341 [2001]). The police saw a bag of marijuana in plain view and also detected a strong odor of marijuana. Accordingly, the police had probable cause to arrest defendant, as well as probable cause to believe that the van contained additional marijuana (see People v Belton, 55 NY2d 49, 55 [1982]). This contemporaneous probable cause justified a search of the vehicle under the automobile exception, including closed containers (see United States v Ross, 456 US 798, 825 [1982]; People v Langen, 60 NY2d 170, 180-182 [1983], cert denied 465 US 1028 [1984]), notwithstanding that the police waited until they returned to the precinct before conducting a full search (see People v Milerson, 51 NY2d 919, 921 [1980]). Therefore, the police lawfully searched the van, and this search properly included lifting a removable panel in the van’s rear hatch.
Defendant concedes that if this Court does not grant suppression of the drugs found in the hatch, it should affirm his conviction regardless of the arguments he makes regarding additional contraband and his statements to the police. In any event, we reject those arguments. Concur — Sweeny, J.P., Acosta, Saxe, Moskowitz and Clark, JJ.