■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ARTHUR FRANKLIN, Appellant. [27 NYS3d 32]—

Judgment, Supreme Court, New York County (Gregory Carro, J., at motion to controvert search warrant; Thomas Farber, J., at initial suppression hearing; Edward J. McLaughlin, J., at continued suppression hearing; Ruth Pickholz, J., at plea and sentencing), rendered January 9, 2012, as amended March 7, 2012, convicting defendant of conspiracy in the fourth degree, grand larceny in the second degree, scheme to defraud in the first degree, and identity theft in the first degree (three counts), and sentencing him, as a second felony offender, to an aggregate term of 9 to 18 years, unanimously affirmed.

At the initial suppression hearing, the court had good cause for relieving defendant's retained counsel, and to the extent defendant argues that the court did not afford defendant or counsel an opportunity to be heard on the matter, that claim is unpreserved (*see People v Tineo*, 64 NY2d 531, 535-536 [1985]), and we decline to review it in the interest of justice. Were we to review it, we would find it unavailing. Defendant expressed no desire that this retained attorney remain on the case.

After relieving counsel, the court properly exercised its discretion in assigning an attorney who was familiar with the case and had served as defendant's legal advisor during defendant's self-representation at an earlier stage of the proceedings, notwithstanding defendant's complaint that he had not gotten along well with this attorney. Defendant's unjustified hostility to this attorney did not require selection of another, and defendant was not deprived of his right to counsel. "The right of an indigent criminal defendant to the services of a court-appointed lawyer does not encompass a right to appointment of successive lawyers at defendant's option" (*People v Sides*, 75 NY2d 822, 824 [1990]). "[L]ooking past defendant's stated objections, there is nothing in the record indicating that defense counsel had a genuine conflict of interest with defendant or that he was in any way deficient in representing him" (*People v Linares*, 2 NY3d 507, 511 [2004]).

The court that presided over the continued suppression hearing properly declined to grant defendant's request for an additional adjournment to allow the above-discussed, recently reassigned attorney to prepare for the suppression hearing, after the previous court had already adjourned the case for six days upon assigning that attorney. Since defendant requested different substitute counsel close to trial, and had been amply afforded the right to counsel prior to that time, it was "incumbent upon [him] to demonstrate that the requested

adjournment ha[d] been necessitated by forces beyond his control and [was] not simply a dilatory tactic" (*People v Arroyave*, 49 NY2d 264, 271-272 [1980]). Defendant failed to meet that burden, since, in light of his familiarity with the case, the attorney did not seek any further time to prepare.

At the same continued hearing, the court properly denied defendant's request to represent himself. Although a request to proceed pro se at trial is generally deemed timely if asserted before trial (*see People v McIntyre*, 36 NY2d 10, 17 [1974]), defendant here waited until after the People had rested in the suppression hearing before requesting to proceed pro se within that hearing, raising a significant "potential for obstruction and diversion" (*id.*). Accordingly, the court properly denied defendant's request in the absence of "compelling circumstances" (*id.*). We note that, over the course of the proceedings, defendant was represented by a total of seven retained or assigned attorneys, and repeatedly changed his mind about whether to represent himself.

The court properly denied defendant's suppression motion. The police had probable cause to stop defendant's vehicle for a traffic violation, regardless of any suspicion that he was involved in other criminal activity (*see People v Hurtado*, 113 AD3d 411 [1st Dept 2014], *lv denied* 22 NY3d 1199 [2014]). The police detected a strong odor of marijuana, justifying a search of the vehicle pursuant to the automobile exception (*see id.*), during which the police found a marijuana cigarette in the center console. Those observations gave rise to probable cause to arrest defendant (*see id.*), and the subsequent search of defendant's person was justified as a search incident to a lawful arrest (*see People v Banchon*, 126 AD3d 462 [1st Dept 2015], *lv denied* 25 NY3d 1069 [2015]). The court also properly found that defendant lacked standing to move to suppress a cigarette pack containing stolen property, which was possessed by a codefendant, and which was in any event abandoned by that person (*see People v Ramirez-Portoreal*, 88 NY2d 99, 112-113 [1996]).

The court properly denied defendant's motion for a hearing to challenge the veracity of the affiant's statements in support of a search warrant (*see Franks v Delaware*, 438 US 154 [1978]; *People v Alfinito*, 16 NY2d 181 [1965]). Defendant's contention that the affiant made a false statement about the location where the cigarette pack was abandoned is unpreserved, and we decline to review it in the interest of justice. As an alternative holding, we find that defendant failed to make a prima facie showing as to that statement. We also find that defendant

failed to meet his burden of showing that the affiant's statement about defendant's apartment number was "knowingly false or made in reckless disregard of the truth" (*People v Tambe*, 71 NY2d 492, 504 [1988]). In any event, defendant was not entitled to a *Franks/Alfinito* hearing regardless of whether he met his burden as to those statements, since the remaining statements in the affidavit were sufficient to establish probable cause (*see id.* at 505). We have considered and rejected defendant's remaining arguments concerning his request for a *Franks/Alfinito* hearing.

We have also considered and rejected defendant's pro se arguments. Concur—Tom, J.P., Acosta, Renwick and Moskowitz, JJ.