# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

1048
KA 13-00526
PRESENT: CARNI, J.P., DEJOSEPH, NEMOYER, TROUTMAN, AND SCUDDER, JJ.

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                                                    MEMORANDUM AND ORDER

KENNETH L. BOYD, DEFENDANT-APPELLANT.

TIMOTHY P. DONAHER, PUBLIC DEFENDER, ROCHESTER, SULLIVAN & CROMWELL LLP, NEW YORK CITY (JOHN G. MCCARTHY OF COUNSEL), FOR DEFENDANT-APPELLANT.

SANDRA DOORLEY, DISTRICT ATTORNEY, ROCHESTER (LEAH R. MERVINE OF COUNSEL), FOR RESPONDENT.

---

Appeal from a judgment of the Monroe County Court (Alex R. Renzi, J.), rendered January 16, 2013. The judgment convicted defendant, upon a jury verdict, of criminal possession of a weapon in the second degree, criminal possession of a weapon in the third degree (two counts), criminal possession of a controlled substance in the third degree and criminally using drug paraphernalia in the second degree (two counts).

It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting him upon a jury verdict of criminal possession of a weapon in the second degree (Penal Law § 265.03 [3]), criminal possession of a controlled substance in the third degree (§ 220.16 [1]), and two counts each of criminal possession of a weapon in the third degree (§ 265.02 [1], [3]), and criminally using drug paraphernalia in the second degree (§ 220.50 [2], [3]).

Defendant's conviction arises from an incident that occurred when police officers were conducting surveillance of a house following a shooting unrelated to this incident. An officer observed defendant entering the house with "a heavy object inside of his pocket . . . that he was holding onto." About an hour later, another officer confronted defendant and others as they exited the house. When asked to explain his presence at the house, defendant told the officer, "I live here." While the officer began to detain one of defendant's companions, defendant reentered the house for "about five or ten seconds." The officers thereafter obtained a search warrant, and, during the ensuing search of the house, they found a .40 caliber handgun hidden under a chair near the entrance to the house. In

addition, the officers found cocaine, plastic baggies, razors, and a digital scale of a kind used in narcotics trafficking.  Some of the drugs and drug paraphernalia were found on the same shelves or in the same cabinets as documents bearing defendant's name, including a tax document listing the address of the house as defendant's address.

Contrary to defendant's contention, we conclude that his conviction of criminal possession of a weapon in the second degree and two counts of criminal possession of a weapon in the third degree is supported by legally sufficient evidence inasmuch as the People established that he had constructive possession of the gun.  It is well established that, in reviewing the legal sufficiency of the evidence, we must "determine whether any valid line of reasoning and permissible inferences could lead a rational person to the conclusion reached by the [factfinder] on the basis of the evidence at trial, viewed in the light most favorable to the People" (*People v Williams*, 84 NY2d 925, 926).  "To meet their burden of proving defendant's constructive possession of the [gun], the People had to establish that defendant exercised dominion or control over [the gun] by a sufficient level of control over the area in which [it was] found" (*People v Lawrence*, 141 AD3d 1079, 1082 [internal quotation marks omitted]; *see* Penal Law § 10.00 [8]).  Defendant contends that there is legally insufficient evidence of constructive possession because other people had access to the area where the gun was found.  We reject that contention inasmuch as it is not necessary to establish that defendant had "exclusive access" to the area (*People v Nichol*, 121 AD3d 1174, 1177, *lv denied* 25 NY3d 1205), and "several individuals may constructively possess an object simultaneously, provided each individual exercises dominion and control over the object or the area in which the object is located" (*People v Smith*, 215 AD2d 940, 941, *lv denied* 86 NY2d 802; *see generally People v Torres*, 68 NY2d 677, 679).  Moreover, although a defendant's "mere presence" in the location where contraband is found "is not sufficient to establish that he exercised such dominion and control as to establish constructive possession" (*People v Diallo*, 137 AD3d 1681, 1682 [internal quotation marks omitted]), we conclude that the evidence in this case "went beyond defendant's mere presence in the residence . . .  and established 'a particular set of circumstances from which a jury could infer possession' " (*People v McGough*, 122 AD3d 1164, 1166, *lv denied* 24 NY3d 1220, quoting *People v Bundy*, 90 NY2d 918, 920).

Contrary to defendant's further contention, we conclude that the conviction with respect to the remaining counts of the indictment is supported by legally sufficient evidence (*see generally People v Bleakley*, 69 NY2d 490, 495).  In addition, viewing the evidence in light of the elements of the crimes as charged to the jury (*see People v Danielson*, 9 NY3d 342, 349), we conclude that the verdict is not against the weight of the evidence with respect to those counts (*see generally Bleakley*, 69 NY2d at 495).

Finally, " '[b]y failing to object to County Court's ultimate *Sandoval* ruling, defendant failed to preserve for our review his present challenge to that ruling' " (*People v Mitchell*, 132 AD3d 1413,

1416, *lv denied* 27 NY3d 1072), and we decline to exercise our power to review that contention as a matter of discretion in the interest of justice (*see* CPL 470.15 [6] [a]).

Entered:  December 23, 2016                    Frances E. Cafarell
                                               Clerk of the Court