The People of the State of New York, Respondent,
against
JCRL Development Corp., Appellant.




Jonathan A. Tand & Associates, for appellant.
Huntington Town Attorney (Jacob C. Turner of counsel.), for respondent.

Appeal from four judgments of the District Court of Suffolk County, Third District (C. Stephen Hackeling, J.), rendered June 30, 2014. The judgments convicted defendant, after a nonjury trial, of failing to register a dwelling as a rental property, two charges of maintaining a premises without a certificate of occupancy, and one charge of altering a premises without a building permit, respectively. The appeal from the judgments of conviction brings up for review an order of the same court dated April 7, 2014, following a hearing, denying defendant's pretrial motion to controvert a search warrant and to suppress physical evidence.




ORDERED that the judgments of conviction are affirmed.
On July 22, 2013, after executing a search warrant at a property owned by defendant, the People charged defendant, in separate informations, with eight violations of the Code of the Town of Huntington (Code). The property, containing two connected structures and a third outlying structure, is divided by a fence. The People alleged that the residential portions of two of the structures had been illegally subdivided to create additional residential units and that defendant had illegally subdivided the property into two independent tracts. The new subdivision and the residential structure located therein had been given a new address, access road, and associated mailboxes. Following a hearing, by order dated April 7, 2014, the District Court (C. Stephen Hackeling, J.) denied defendant's pretrial motion to controvert the search warrant and to [*2]suppress any evidence from its execution. Following a nonjury trial, defendant was convicted of failing to register a dwelling as a rental property (Code former § 160-3 [A], now § 160-22 [A] [1]), two charges of maintaining a premises without a certificate of occupancy (Code § 87-25 [A]), and one charge of altering a premises without a building permit (Code § 87-14 [A]).
Defendant's sole argument on appeal is that the motion to controvert the search warrant should have been granted based on material misrepresentations by a Town of Huntington ordinance inspector in support of the warrant application, and because the enforcement was based on the Town's displeasure with defendant's having rented certain of the residential premises to members of a minority group.[FN1]


Defendant "failed to make the necessary substantial preliminary showing that the warrant was based upon an affidavit containing false statements made knowingly or intentionally, or with reckless disregard for the truth" (People v McGeachy, 74 AD3d 989, 990 [2010]; see also Franks v Delaware, 438 US 154, 155-156 [1978]; People v Tambe, 71 NY2d 492, 504 [1988]; People v Moshier, 110 AD3d 832, 833 [2013]). Upon a review of the record, we find that any misstatements of fact in support of the warrant application were insufficient to merit the warrant's rejection as against the general showing that there was reasonable cause to believe that zoning violations had occurred at the premises and that evidence of same would be found there (see People v Cahill, 2 NY3d 14, 41 [2003]; People v Murray, 136 AD3d 714, 714 [2016]). "[T]he remaining statements in the affidavit were sufficient to establish probable cause" (People v Franklin, 137 AD3d 550, 553 [2016]).

Defendant's factual representations in support of his claim of discriminatory enforcement were insufficient to create a triable issue as to whether the Town's investigation was based on "impermissible considerations" (Town of N. Alba v Grimditch, 131 AD3d 150, 161 [2015]; see Matter of 303 W. 42nd St. Corp. v Klein, 46 NY2d 686, 695-696 [1979]). Defendant does not allege that others similarly situated (i.e., those who commit the same zoning violations) are not prosecuted (see Bower Assoc. v Town of Pleasant Val., 2 NY3d 617, 630-631 [2004]). In any [*3]event, the factual allegations offered by defendant's counsel in a memorandum of law submitted in support of the motion to controvert the warrant lacked any basis in personal knowledge and were therefore "of no probative or evidentiary significance" (Onewest Bank, FSB v Michel, 143 AD3d 869, 871 [2016]; see also Brown v Smith, 85 AD3d 1648, 1649 [2011] [an attorney's "memorandum of law . . . has no evidentiary value"]). Similarly, the allegations of defendant's principal in his supporting affidavit amounted to nothing more than his personal opinions and impressions as to the Town of Huntington's "attempt to harass [him], drive the minority tenants away, shut off [his] livelihood, and force [him] to sell the property to the Town," and he did not assert personal knowledge of the truth of any representation of fact set forth in his attorney's memorandum of law. Thus, on this record, defendant did not demonstrate that the Town's conduct was discriminatory (see Town of N. Alba v Grimditch, 131 AD3d at 161; see also Matter of 303 W. 42nd St. Corp. v Klein, 46 NY2d at 695-696; cf. Sonne v Board of Trustees of Vil. of Suffern, 67 AD3d 192, 204 [2009]).

Accordingly, the judgments of conviction are affirmed. 

Marano, P.J., Iannacci and Garguilo, JJ., concur. 

Decision Date: May 23, 2017



Footnotes

Footnote 1:We do not address the question of defendant's standing to controvert the warrant (see e.g. People v Fitzsimmons,51 Misc 3d 135[A], 2016 NY Slip Op 50549[U], *1-2 [App Term, 2d Dept, 9th & 10th Jud Dists 2016]; People v All State Props., LLC, 36 Misc 3d 159[A], 2012 NY Slip Op 51820[U], *1-2 [App Term, 2d Dept, 9th & 10th Jud Dists 2012]), as it was not raised by either party at the trial nor ruled upon as a basis for the decision to deny the motion (see CPL 470.15 [1]; People v Ingram, 18 NY3d 948, 949 [2012]; People v Concepcion, 17 NY3d 192, 195 [2011]; People v LaFontaine, 92 NY2d 470, 474 [1998]).