Palumbo v Bristol-Myers Squibb Co. (2018 NY Slip Op 00749)





Palumbo v Bristol-Myers Squibb Co.


2018 NY Slip Op 00749


Decided on February 2, 2018


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on February 2, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: PERADOTTO, J.P., CARNI, DEJOSEPH, CURRAN, AND WINSLOW, JJ.


1440 CA 17-01199

[*1]ELAINE M. PALUMBO AND MICHAEL PALUMBO, PLAINTIFFS-APPELLANTS,
v
BRISTOL-MYERS SQUIBB COMPANY, DEFENDANT, AND CHARLES J. MALLO, M.D., DEFENDANT-RESPONDENT. 






GRECO TRAPP, PLLC, BUFFALO (DUANE D. SCHOONMAKER OF COUNSEL), FOR PLAINTIFFS-APPELLANTS. 
CONNORS LLP, BUFFALO (JOHN T. LOSS OF COUNSEL), FOR DEFENDANT-RESPONDENT. 


 Appeal from an order of the Supreme Court, Niagara County (Richard C. Kloch, Sr., A.J.), entered September 8, 2016. The order granted the motion of defendant Charles J. Mallo, M.D. for summary judgment dismissing the amended complaint against him. 
It is hereby ORDERED that the order so appealed from is unanimously reversed on the law without costs, the motion is denied, and the amended complaint is reinstated against defendant Charles J. Mallo, M.D.
Memorandum: Plaintiff commenced this action seeking damages for injuries she allegedly sustained as a result of treatment provided by her physician Charles J. Mallo, M.D. (defendant). Plaintiff alleged in her amended complaint, among other things, that defendant committed medical malpractice by negligently injecting a scar on her chest from a prior cyst removal with a corticosteroid, and that defendant failed to obtain her informed consent for that treatment. In his answer, defendant asserted several affirmative defenses, including that the action was not timely commenced within the statute of limitations. Plaintiff amplified her allegations in a bill of particulars claiming that defendant was negligent in, among other things, treating a condition for which plaintiff did not seek treatment, failing to provide the risks and benefits of treatment involving the corticosteroid, failing to discuss alternative forms of treatment not involving the corticosteroid, failing to obtain informed consent before administering the corticosteroid, and failing to administer and dilute the corticosteroid in a proper manner. According to plaintiff, defendant's negligent treatment caused fat atrophy and scarring of her chest.
Defendant subsequently moved for summary judgment dismissing the amended complaint against him on the grounds that he did not depart from the applicable standard of care, the injection did not cause plaintiff's alleged injuries, and he properly obtained plaintiff's informed consent before the injection. In an affidavit in support of his motion, defendant explained that plaintiff sought treatment to reduce the visibility of two other scars from a prior breast reduction surgery. After applying a local anesthetic, defendant injected the scar underneath plaintiff's right breast with a corticosteroid, but plaintiff thereafter requested that defendant not inject the scar under her left breast and, instead, inject the scar on her chest wall from the prior cyst removal. Upon examination, defendant noted the nature of the scar and that plaintiff already had a small cavity beneath the scar that had been created by the cyst removal. Defendant averred that he injected the corticosteroid into the skin, not the fat underneath the scar, and he thus opined that the injection did not create or exacerbate the defect. Defendant also averred that he undertook and completed the procedure because plaintiff had sought treatment for the appearance of the scar from the cyst removal. Before injecting the scars, defendant told plaintiff about the risks associated with the procedure and provided her with alternative forms of [*2]treatment, and plaintiff gave informed consent.
Plaintiff opposed the motion with various submissions, including her own affidavit. During the subsequent oral argument before Supreme Court, which was not transcribed, defendant apparently raised a new legal argument that he was entitled to summary judgment dismissing the amended complaint on the basis of his statute of limitations defense because plaintiff's submissions in opposition to the motion established that her claim sounded in battery only and the action was commenced beyond the applicable one-year period (see CPLR 215 [3]). Defendant relied upon averments in plaintiff's affidavit in which she asserted that she did not ask defendant to treat any scar on her chest in the area of the cyst removal and she never consented to corticosteroid injection treatment with respect to that area. The court determined that plaintiff's only cognizable claim sounded in battery, which was time-barred, and granted defendant's motion for summary judgment dismissing the amended complaint against him. We reverse.
It is well established that "[a] party moving for summary judgment must demonstrate that the cause of action or defense shall be established sufficiently to warrant the court as a matter of law in directing judgment' in the moving party's favor" (Jacobsen v New York City Health & Hosps. Corp., 22 NY3d 824, 833 [2014], quoting CPLR 3212 [b]). Thus, "the proponent of a summary judgment motion must make a prima facie showing of entitlement to judgment as a matter of law, tendering sufficient evidence to demonstrate the absence of any material issues of fact" (Alvarez v Prospect Hosp., 68 NY2d 320, 324 [1986]). "This burden is a heavy one and on a motion for summary judgment, facts must be viewed in the light most favorable to the non-moving party" (William J. Jenack Estate Appraisers & Auctioneers, Inc. v Rabizadeh, 22 NY3d 470, 475 [2013] [internal quotation marks omitted]), "and every available inference must be drawn in the [non-moving party's] favor" (De Lourdes Torres v Jones, 26 NY3d 742, 763 [2016]; see Esposito v Wright, 28 AD3d 1142, 1143 [4th Dept 2006]). "The moving party's [f]ailure to make [a] prima facie showing [of entitlement to summary judgment] requires a denial of the motion, regardless of the sufficiency of the opposing papers' " (Vega v Restani Constr. Corp., 18 NY3d 499, 503 [2012], quoting Alvarez, 68 NY2d at 324 with emphasis added).
We conclude that defendant failed to meet his initial burden of establishing his entitlement to judgment as a matter of law on his statute of limitations defense. If plaintiff's only cognizable claim sounds in battery, then the action is time-barred (see CPLR 215 [3]). Here, defendant's submissions in support of his motion, including his affidavit, do not establish that plaintiff is seeking to recover for a battery inasmuch as defendant averred that plaintiff sought treatment for the appearance of the scar from the cyst removal and that, upon plaintiff's request and with her consent, defendant injected that scar with a corticosteroid (see VanBrocklen v Erie County Med. Ctr., 96 AD3d 1394, 1394-1395 [4th Dept 2012]). Although "defendant relies on evidence submitted by plaintiff in opposition to the motion, i.e., plaintiff's [affidavit], we do not consider that [affidavit] in determining the merits of defendant's motion inasmuch as he failed to meet his initial burden of proof" (Brown v Smith, 85 AD3d 1648, 1649 [4th Dept 2011]). Defendant's failure to make a prime facie showing of entitlement to judgment as a matter of law on his statute of limitations defense requires denial of the motion, regardless of the sufficiency of the opposing papers (see id.; see generally Alvarez, 68 NY2d at 324).
Entered: February 2, 2018
Mark W. Bennett
Clerk of the Court