People v Ponder (2021 NY Slip Op 00923)





People v Ponder


2021 NY Slip Op 00923


Decided on February 11, 2021


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on February 11, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: CARNI, J.P., LINDLEY, CURRAN, TROUTMAN, AND BANNISTER, JJ.


29 KA 15-01496

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
KEITH L. PONDER, ALSO KNOWN AS KEITH PONDERS, DEFENDANT-APPELLANT. 






TIMOTHY P. DONAHER, PUBLIC DEFENDER, ROCHESTER, HODGSON RUSS LLP, BUFFALO (SARAH NAGEL MILLER OF COUNSEL), FOR DEFENDANT-APPELLANT. 
SANDRA DOORLEY, DISTRICT ATTORNEY, ROCHESTER (LISA GRAY OF COUNSEL), FOR RESPONDENT. 


 Appeal from a judgment of the Supreme Court, Monroe County (Joanne M. Winslow, J.), rendered July 14, 2015. The judgment convicted defendant upon a nonjury verdict of criminal possession of a controlled substance in the third degree (two counts), criminal possession of a controlled substance in the fourth degree, criminal possession of marihuana in the third degree and criminally using drug paraphernalia in the second degree (two counts). 
It is hereby ORDERED that the judgment so appealed from is unanimously reversed on the facts, the indictment against defendant is dismissed and the matter is remitted to Supreme Court, Monroe County, for proceedings pursuant to CPL 470.45.
Memorandum: On appeal from a judgment convicting him upon a nonjury verdict of two counts of criminal possession of a controlled substance in the third degree (Penal Law § 220.16 [1]), one count of criminal possession of a controlled substance in the fourth degree
(§ 220.09 [1]), one count of criminal possession of marihuana in the third degree (§ 221.20), and two counts of criminally using drug paraphernalia in the second degree (§ 220.50 [2], [3]), defendant contends that the verdict is against the weight of the evidence with respect to his constructive possession of drugs and other items recovered from the apartment in which he was arrested following the execution of a search warrant. We agree.
Where there is no evidence that the defendant actually possessed the controlled substance or drug paraphernalia, the People are required to establish that the defendant "exercised 'dominion or control' over the property by a sufficient level of control over the area in which the contraband is found or over the person from whom the contraband is seized" (People v Manini, 79 NY2d 561, 573 [1992]; see Penal Law § 10.00 [8]; People v Williams, 162 AD3d 1544, 1545 [4th Dept 2018]). The People may establish constructive possession by circumstantial evidence (see People v Torres, 68 NY2d 677, 678-679 [1986]; People v Boyd, 145 AD3d 1481, 1481-1482 [4th Dept 2016], lv denied 29 NY3d 947 [2017]), but a defendant's mere presence in the area in which contraband is discovered is insufficient to establish constructive possession (see Boyd, 145 AD3d at 1482).
Here, we conclude that an acquittal would not have been unreasonable and, upon our independent review of the evidence in light of the elements of the crimes in this nonjury trial (see People v Danielson, 9 NY3d 342, 348-349 [2007]), we further conclude that the verdict is against the weight of the evidence inasmuch as Supreme Court was not justified in finding beyond a reasonable doubt that defendant possessed the drugs or drug paraphernalia in question (see generally People v Bleakley, 69 NY2d 490, 495 [1987]). Although defendant was present in the apartment at the time the police executed the search warrant, no other evidence was presented "to establish that defendant was an occupant of the apartment or that he regularly frequented it" (People v Swain, 241 AD2d 695, 696 [3d Dept 1997]). Two of the police officers testified that [*2]they did not discover anything that belonged to defendant on the premises. The clothing, cell phone, and identification found on the premises belonged instead to other men who were present in the apartment during the execution of the search warrant. Photographs found on the premises included the other men but not defendant. While defendant admitted that he had been at the apartment on one other occasion, the evidence did not otherwise specifically connect defendant to the apartment in which the contraband was found. We thus conclude that the weight of the evidence does not support a finding that defendant "exercised dominion and control over the [contraband] by a sufficient level of control over the area in which [it was] found" (People v Burns, 17 AD3d 709, 710 [3d Dept 2005] [internal quotation marks omitted]; see People v Hunt, 185 AD3d 1531, 1531 [4th Dept 2020]). We therefore reverse the judgment and dismiss the indictment against defendant.
In light of our determination, we do not address defendant's remaining contention.
Entered: February 11, 2021
Mark W. Bennett
Clerk of the Court