People v Mighty (2022 NY Slip Op 01923)





People v Mighty


2022 NY Slip Op 01923


Decided on March 18, 2022


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 18, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., SMITH, NEMOYER, CURRAN, AND BANNISTER, JJ.


225 KA 18-00220

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
MICHAEL A. MIGHTY, DEFENDANT-APPELLANT. 






TIMOTHY P. DONAHER, PUBLIC DEFENDER, ROCHESTER (WILLIAM CLAUSS OF COUNSEL), FOR DEFENDANT-APPELLANT.
SANDRA DOORLEY, DISTRICT ATTORNEY, ROCHESTER (LISA GRAY OF COUNSEL), FOR RESPONDENT. 


 Appeal from a judgment of the Supreme Court, Monroe County (Judith A. Sinclair, J.), rendered October 4, 2017. The judgment convicted defendant after a nonjury trial of criminal possession of a controlled substance in the third degree (two counts). 
It is hereby ORDERED that the judgment so appealed from is unanimously reversed as a matter of discretion in the interest of justice and on the law, the indictment against defendant is dismissed and the matter is remitted to Supreme Court, Monroe County, for proceedings pursuant to CPL 470.45.
Memorandum: Defendant appeals from a judgment convicting him upon a nonjury verdict of two counts of criminal possession of a controlled substance in the third degree (Penal Law § 220.16 [1], [12]). As defendant contends and the People correctly concede, the evidence of possession is legally insufficient to support the conviction.
Although defendant failed to preserve that contention for our review because his motion for a trial order of dismissal was not
" 'specifically directed' at" the alleged error now raised on appeal (People v Gray, 86 NY2d 10, 19 [1995]; see People v Jacobs, 195 AD3d 1434, 1435 [4th Dept 2021]), we nevertheless exercise our power to review his contention as a matter of discretion in the interest of justice, particularly in view of the People's concession (see People v Woods, 26 AD3d 818, 819 [4th Dept 2006], lv denied 7 NY3d 765 [2006]; People v Butler, 273 AD2d 613, 614 [3d Dept 2000], lv denied 95 NY2d 933 [2000]).
Where there is no evidence that the defendant actually possessed the controlled substance, the People are required to establish that the defendant "exercised 'dominion or control' over the property by a sufficient level of control over the area in which the contraband is found or over the person from whom the contraband is seized" (People v Manini, 79 NY2d 561, 573 [1992]; see Penal Law § 10.00 [8]; People v Williams, 162 AD3d 1544, 1545 [4th Dept 2018]). The People may establish constructive possession by circumstantial evidence (see People v Torres, 68 NY2d 677, 678-679 [1986]; People v Boyd, 145 AD3d 1481, 1481-1482 [4th Dept 2016], lv denied 29 NY3d 947 [2017]), but a defendant's mere presence in the area in which contraband is discovered is insufficient to establish constructive possession (see Boyd, 145 AD3d at 1482). Here, inasmuch as there was no evidence, other than his mere presence, that specifically connected defendant to the places where the contraband was ultimately found, we conclude that the People "failed to prove that [he] exercised dominion and control over the contraband, and therefore failed to prove the possession element of the counts as charged" (Williams, 162 AD3d at 1546). We therefore reverse the judgment and dismiss the indictment (see id. at 1545).
In light of our determination, defendant's remaining contention is academic.
Entered: March 18, 2022
Ann Dillon Flynn
Clerk of the Court