People v Torrance (2022 NY Slip Op 03854)

People v Torrance

2022 NY Slip Op 03854

Decided on June 10, 2022

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on June 10, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., SMITH, CENTRA, LINDLEY, AND BANNISTER, JJ.

553 KA 13-00797

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
JAMES A. TORRANCE, DEFENDANT-APPELLANT. 

ANDREW G. MORABITO, EAST ROCHESTER, FOR DEFENDANT-APPELLANT. 
SANDRA DOORLEY, DISTRICT ATTORNEY, ROCHESTER (MARTIN P. MCCARTHY, II, OF COUNSEL), FOR RESPONDENT. 

 Appeal from a judgment of the Monroe County Court (Alex R. Renzi, J.), rendered February 11, 2013. The judgment convicted defendant upon a jury verdict of criminal possession of a controlled substance in the third degree and criminally using drug paraphernalia in the second degree (two counts). 
It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.
Memorandum: On appeal from a judgment convicting him upon a jury verdict of criminal possession of a controlled substance in the third degree (Penal Law § 220.16 [1]) and two counts of criminally using drug paraphernalia in the second degree (§ 220.50 [2], [3]), defendant contends that the evidence is legally insufficient to support the conviction and that the verdict is against the weight of the evidence. We reject those contentions. In reviewing the legal sufficiency of the evidence, we must "determine whether any valid line of reasoning and permissible inferences could lead a rational person to the conclusion reached by the [factfinder] on the basis of the evidence at trial, viewed in the light most favorable to the People" (People v Williams, 84 NY2d 925, 926 [1994]). To meet their burden of proving defendant's constructive possession of the drugs and drug paraphernalia, the People were required to establish that defendant "exercised 'dominion or control' over the property by a sufficient level of control over the area in which the contraband [was] found" (People v Manini, 79 NY2d 561, 573 [1992]; see Penal Law § 10.00 [8]; People v Ponder, 191 AD3d 1409, 1410 [4th Dept 2021]). Viewing the evidence in the light most favorable to the prosecution (see People v Contes, 60 NY2d 620, 621 [1983]), we conclude that "the circumstances here provided the jury with 'a sufficient basis . . . to conclude that . . . defendant [was] guilty of constructive possession' " of the drugs and drug paraphernalia (People v Farmer, 136 AD3d 1410, 1412 [4th Dept 2016], lv denied 28 NY3d 1027 [2016], quoting People v Torres, 68 NY2d 677, 679 [1986]). Here, a tote bag found in the kitchen contained drug paraphernalia and paperwork with defendant's name on it, the drugs found on the shelf in the dining room were packaged in the same distinctive baggies that were located in the tote bag, defendant admitted to police that he lived at the residence, and an officer testified that the house had the characteristics of a drug house (see People v Tucker, 173 AD3d 1817, 1818 [4th Dept 2019], lv denied 34 NY3d 938 [2019]; People v Holland, 126 AD3d 1514, 1515 [4th Dept 2015], lv denied 25 NY3d 1165 [2015]).
Viewing the evidence in light of the elements of the crimes as charged to the jury (see People v Danielson, 9 NY3d 342, 349 [2007]), we further conclude that the verdict is not against the weight of the evidence (see generally People v Bleakley, 69 NY2d 490, 495 [1987]).
Defendant failed to preserve for our review his contention that verdict is repugnant inasmuch as he failed to object to the alleged repugnancy before the jury was discharged (see People v Mateo, 194 AD3d 1342, 1345 [4th Dept 2021], lv denied 37 NY3d 994 [2021]).
Entered: June 10, 2022
Ann Dillon Flynn
Clerk of the Court