People v Johnson (2024 NY Slip Op 01378)

People v Johnson

2024 NY Slip Op 01378

Decided on March 15, 2024

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on March 15, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., LINDLEY, OGDEN, NOWAK, AND DELCONTE, JJ.

4 KA 23-00782

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
MARLON J. JOHNSON, DEFENDANT-APPELLANT. 

THE LAW OFFICES OF MATTHEW ALBERT, DARIEN CENTER (MATTHEW ALBERT OF COUNSEL), FOR DEFENDANT-APPELLANT.
JOHN J. FLYNN, DISTRICT ATTORNEY, BUFFALO (DANIEL J. PUNCH OF COUNSEL), FOR RESPONDENT. 

 Appeal from a judgment of the Erie County Court (James F. Bargnesi, J.), rendered January 7, 2022. The judgment convicted defendant, upon a nonjury verdict, of criminal possession of a weapon in the second degree (three counts). 
It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.
Memorandum: Defendant appeals from a judgment convicting him, after a nonjury trial, of three counts of criminal possession of a weapon in the second degree (Penal Law § 265.03 [3]). Defendant contends that the evidence is legally insufficient to support the conviction because the People failed to establish that he constructively possessed the three subject firearms. We conclude, however, that there is a "valid line of reasoning and permissible inferences from which a rational [trier of fact] could have found the element[ of constructive possession] proved beyond a reasonable doubt" (People v Danielson, 9 NY3d 342, 349 [2007] [internal quotation marks omitted]). Contrary to defendant's contention, the People established more than his "mere presence" in the apartment in which the firearms were found (People v King, 206 AD3d 1593, 1594 [4th Dept 2022]; cf. People v Mighty, 203 AD3d 1687, 1687-1688 [4th Dept 2022]). Rather, the People established through circumstantial evidence (see People v Torres, 68 NY2d 677, 678 [1986]; People v Boyd, 145 AD3d 1481, 1482 [4th Dept 2016], lv denied 29 NY3d 947 [2017]) that defendant "exercised 'dominion or control' over the [firearms] by a sufficient level of control over the area in which the [firearms were] found" (People v Manini, 79 NY2d 561, 573 [1992]; see People v Torrance, 206 AD3d 1722, 1723 [4th Dept 2022]). To the extent that defendant also contends that the evidence is legally insufficient to support the conviction because the testimony of the police witnesses was incredible as a matter of law, defendant failed to preserve the contention for our review inasmuch as he did not raise that ground in support of his motion for a trial order of dismissal (see People v Kenney, 209 AD3d 1301, 1302 [4th Dept 2022], lv denied 39 NY3d 986 [2022]; People v Wilcher, 158 AD3d 1267, 1267-1268 [4th Dept 2018], lv denied 31 NY3d 1089 [2018]).
In any event, we "necessarily review the evidence adduced as to each of the elements of the crimes in the context of our review of defendant's challenge regarding the weight of the evidence" (People v Stepney, 93 AD3d 1297, 1298 [4th Dept 2012], lv denied 19 NY3d 968 [2012] [internal quotation marks omitted]; see People v Sides, 215 AD3d 1250, 1251 [4th Dept 2023], lv denied 40 NY3d 936 [2023]). Nevertheless, viewing the evidence in light of the elements of the crimes in this nonjury trial (see Danielson, 9 NY3d at 349), we conclude that the verdict is not against the weight of the evidence (see generally People v Bleakley, 69 NY2d 490, 495 [1987]).
Defendant further contends that the firearms in question, which were recovered from a safe pursuant to a search warrant, should have been suppressed because the search warrant application contained false statements. Defendant, however, failed to preserve that contention [*2]for our review (see People v Franklin, 137 AD3d 550, 552 [1st Dept 2016], lv denied 27 NY3d 1132 [2016]), and we decline to review the contention as a matter of discretion in the interest of justice (see CPL 470.15 [6] [a]). Finally, we reject defendant's preserved contention that the search warrant application did not supply the requisite probable cause for the issuance of the search warrant. Contrary to defendant's contention, the information in the search warrant application was provided by an identified citizen, i.e., a resident of the apartment in which the firearms were found, and the application established that the citizen possessed the requisite basis of knowledge for the information she provided. Thus, the statements in the search warrant application were sufficient to establish probable cause inasmuch as the People satisfied both prongs of the Aguilar-Spinelli test for evaluating secondhand information (see People v Bigelow, 66 NY2d 417, 423 [1985]; People v Holmes, 115 AD3d 1179, 1180-1181 [4th Dept 2014], lv denied 23 NY3d 1038 [2014]).
Entered: March 15, 2024
Ann Dillon Flynn
Clerk of the Court