People v Gurley (2024 NY Slip Op 05073)

People v Gurley

2024 NY Slip Op 05073

Decided on October 15, 2024

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: October 15, 2024

Before: Webber, J.P., Kapnick, Kennedy, Scarpulla, Shulman, JJ. 

Ind. No. 1428/13 Appeal No. 2816, 2816A, M-2024-04165 Case No. 2017-368, 2023-003272 

[*1]The People of the State of New York, Respondent,
v
Thea Gurley, Defendant-Appellant.

Jenay Nurse Guilford, Center for Appellate Litigation, New York (V. Marika Meis of counsel), for appellant.
Darcel D. Clark, District Attorney, Bronx (Maria I. Wager of counsel), for respondent.

Judgment, Supreme Court, Bronx County (Judith Lieb, J.), rendered November 16, 2015, convicting defendant, after a jury trial, of murder in the second degree and criminal possession of a weapon in the sec0nd degree, and sentencing him to an aggregate term of 25 years to life, unanimously affirmed. Order, same court and Justice, entered on or about April 14, 2023, denying defendant's motion to vacate the judgment of conviction pursuant to CPL 440.10, unanimously affirmed.
The verdict was not against the weight of the evidence (see People v Danielson, 9 NY3d 342, 348-349 [2007]). Initially, we find no basis for disturbing the jury's credibility determinations. Defendant's own statements to police established that the victim was shot with defendant's gun, and there was ample basis for the jury to reject defendant's contention that he shot the victim in self-defense. The evidence supported the conclusion that in the days prior to the shooting, defendant engaged in a number of hostile text message exchanges with the victim about money owed, and that defendant reached out to multiple people seeking a gun that he intended to use soon thereafter. Shortly after obtaining a gun, defendant notified the victim that he was in the neighborhood and allowed the victim into his apartment. The evidence also supported the conclusion that defendant then shot the victim, who was unarmed, from several feet away and attempted to cover up his involvement in the shooting by placing the victim in a building common area and informing police that he first saw the victim when he returned from a party in Brooklyn. The jury also had ample basis to reject defendant's account of events because his statements to police contained multiple inconsistencies and defied credulity.
We have considered defendant's arguments about how the People's conduct allegedly impaired the integrity of the grand jury proceedings and find them unavailing. Specifically, we find that the People had an adequate basis for presenting defendant's incriminating statements to the grand jury, as they constituted party admissions (see People v Harris, 148 AD2d 469, 469 [1st Dept 1989]). The People also represented that they instructed the grand jury as to justification. The court reviewed the grand jury minutes and concluded that the instructions given were adequate. Finally, defendant's current contention that the evidence presented to the grand jury was legally insufficient is unreviewable (see People v Smith, 4 NY3d 806, 807-808 [2005]).
The court properly denied defendant's motion seeking to suppress the statements he made to police, as well as the data retrieved from his cell phone. Defendant was not in custody when he made his initial statements to police inside his apartment building (see generally People v Yukl, 25 NY2d 585, 588-589 [1969], cert denied 400 US 851 [1970]). There was ample basis for the court to conclude that defendant's subsequent statements at the precinct were made only after he was [*2]read his Miranda rights, and that defendant's statements were made knowingly, intelligently, and voluntarily. As for the search of defendant's cell phone, defendant's arguments are mostly unpreserved, and we decline to consider them in the interest of justice. As an alternative holding, we find that there was ample basis to conclude that defendant provided his phone to police voluntarily, and that the police stored it in a manner consistent with police protocol while defendant was questioned. Police only searched the phone after obtaining a warrant. We find that the search warrant was not overly broad, especially in light of the recognized nature of cell phone data (see e.g. People v Bush, 189 AD3d 643, 644 [1st Dept 2020]). Contrary to defendant's contention, the record establishes a basis for crediting the informants' reliability (see e.g. People v Hetrick, 80 NY2d 344, 348-349 [1992]). Finally, defendant has not made a sufficient showing warranting a hearing concerning whether the warrant application contained any knowingly false statements, or any statements made in reckless disregard of the truth (see People v Franklin, 137 AD3d 550, 552-553 [1st Dept 2016], lv denied 27 NY3d 1132 [2016]).
We find that defendant received effective assistance of counsel under both the state and federal standards (see People v Benevento, 91 NY2d 708, 713-714 [1998]; Strickland v Washington, 466 US 669 [1984]). Defendant has not shown that counsel's alleged deficiencies fell below an objective standard of reasonableness, or that, viewed individually or collectively, they deprived him of a fair trial or affected the outcome of this case. Even assuming that defendant is correct that counsel should have hired an expert to retrieve more of the text messages deleted from his phone, the additional text messages were consistent with those previously uncovered and presented to the jury, in that they showed hostile and potentially threatening exchanges between defendant and the victim. The failure to retrieve and present this largely cumulative evidence does not undermine confidence in the outcome of this trial, nor does it undermine the fairness of the proceeding as a whole.
Contrary to defendant's contention, counsel was also not ineffective for failing to object to that portion of the justification charge addressing whether the jury was to find that defendant was the initial aggressor. There was a reasonable view of the evidence that defendant was the initial aggressor, and counsel will not be deemed ineffective for failing to make an argument that had little or no chance of success (see People v Caban, 5 NY3d 143, 152 [2005]). Finally, counsel was not ineffective for failing to request an intent to use unlawfully and justification charge. Even assuming that defendant was correct that he was justified in using the gun when the victim came to his apartment, defendant has presented no reasonable view of the evidence supporting a conclusion that he was justified in obtaining [*3]this "throwaway" gun, and then in possessing it for several hours before he allowed the victim into his home and then shot him (see generally People v Brown, 33 NY3d 316, 321 [2019]).
We also find that defendant was not denied effective assistance of counsel based on an alleged conflict of interest. While the record demonstrates that counsel and defendant initially strongly disagreed about the best defense strategy, defendant has not shown that there was any actual conflict of interest between them (see generally People v McDonald, 68 NY2d 1, 8 [1986]; People v Medina, 44 NY2d 199, 209 [1978]). Nor has defendant shown that the alleged conflict operated on or affected the conduct of the defense (see People v Ortiz, 76 NY2d 652, 657 [1990]). We note that defendant ultimately agreed to withdraw the alibi defense and proceeded on a theory of justification, consistent with counsel's recommendation. We have considered and rejected defendant's contention that the court failed to perform an inquiry into whether a conflict existed. The court provided defendant with an opportunity to address the alleged conflict, and ultimately defendant told the court that he was aware of counsel's skill and track record, but wanted two attorneys instead of one so that he could have multiple perspectives.
We perceive no basis to reduce defendant's sentence.
We have considered defendant's remaining arguments, including those raised in his pro se brief, and find them unavailing.
M-4165 — People v Thea Gurley
Motion for leave to file surreply, granted. 
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: October 15, 2024