People v Smith (2025 NY Slip Op 03454)

People v Smith

2025 NY Slip Op 03454

Decided on June 6, 2025

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on June 6, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., BANNISTER, GREENWOOD, NOWAK, AND HANNAH, JJ.

364 KA 23-00459

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
CORDELL SMITH, DEFENDANT-APPELLANT. 

JULIE CIANCA, PUBLIC DEFENDER, ROCHESTER (SABRINA A. BREMER OF COUNSEL), FOR DEFENDANT-APPELLANT.
SANDRA DOORLEY, DISTRICT ATTORNEY, ROCHESTER (GRAZINA HARPER OF COUNSEL), FOR RESPONDENT. 

 Appeal from a judgment of the Monroe County Court (Michael L. Dollinger, J.), rendered February 9, 2022. The judgment convicted defendant, upon a nonjury verdict, of criminal possession of a controlled substance in the seventh degree (two counts) and criminally using drug paraphernalia in the second degree (three counts). 
It is hereby ORDERED that the judgment so appealed from is unanimously reversed on the facts, the indictment against defendant is dismissed and the matter is remitted to Monroe County Court for proceedings pursuant to CPL 470.45.
Memorandum: Defendant appeals from a judgment convicting him, following a nonjury trial, of two counts of criminal possession of a controlled substance in the seventh degree (Penal Law § 220.03) and three counts of criminally using drug paraphernalia in the second degree (§ 220.50 [1], [2], [3]). Drugs and drug paraphernalia were found during a search of defendant's girlfriend's apartment.
Viewing the evidence in the light most favorable to the People (see People v Danielson, 9 NY3d 342, 349 [2007]), we reject defendant's contention that there is legally insufficient evidence of his constructive possession of the drugs and drug paraphernalia (see People v Mattison, 41 AD3d 1224, 1225 [4th Dept 2007], lv denied 9 NY3d 924 [2007]).
Defendant further contends that the verdict is against the weight of the evidence. To determine whether a verdict is supported by the weight of the evidence, this Court must first determine whether an acquittal would have been unreasonable (see Danielson, 9 NY3d at 348; People v Bleakley, 69 NY2d 490, 495 [1987]). If we determine that an acquittal would not have been unreasonable, then we "must weigh conflicting testimony, review any rational inferences that may be drawn from the evidence and evaluate the strength of such conclusions" (Danielson, 9 NY3d at 348; see People v Jones, 206 AD3d 1566, 1567 [4th Dept 2022]). Here, we conclude that an acquittal would not have been unreasonable and, viewing the evidence in light of the elements of the crimes in this nonjury trial (see Danielson, 9 NY3d at 349), we further conclude that the verdict is against the weight of the evidence (see generally Bleakley, 69 NY2d at 495).
As relevant here, "[w]here there is no evidence that the defendant actually possessed the controlled substance or drug paraphernalia, the People are required to establish that the defendant exercised dominion or control over the property by a sufficient level of control over the area in which the contraband is found" (People v Ponder, 191 AD3d 1409, 1410 [4th Dept 2021] [internal quotation marks omitted]; see Penal Law § 10.00 [8]). The People may establish such constructive possession by circumstantial evidence (see People v Torres, 68 NY2d 677, 678-679 [1986]; Ponder, 191 AD3d at 1410), "but a defendant's mere presence in the area in which the contraband is discovered is insufficient to establish constructive possession" (Ponder, 191 AD3d at 1410).
Here, while the People adduced evidence establishing that defendant had a key to the apartment and stayed there "from time to time," defendant was not a party to the lease and a search of the premises did not reveal anything to "specifically connect[ ] defendant to the places where the contraband was ultimately found" (People v Mighty, 203 AD3d 1687, 1688 [4th Dept 2022]; see generally People v Ayala, 154 AD3d 1293, 1294 [4th Dept 2017]). Moreover, none of the contraband was in plain view (cf. People v Nevins, 196 AD3d 1110, 1111-1112 [4th Dept 2021], lv denied 37 NY3d 1061 [2021]) and, thus, no statutory presumption of defendant's knowing possession applied (see Penal Law § 220.25 [2]; People v Orta, 184 AD2d 1052, 1053 [4th Dept 1992]).
We conclude that the weight of the evidence does not support a finding that defendant "exercised dominion or control over the [contraband] by a sufficient level of control over the area in which [it was] found" (Ponder, 191 AD3d at 1411) and therefore that County Court was not justified in finding beyond a reasonable doubt that defendant possessed the drugs and drug paraphernalia in question. We thus reverse the judgment and dismiss the indictment against defendant.
Entered: June 6, 2025
Ann Dillon Flynn
Clerk of the Court