People v Brown (2025 NY Slip Op 04379)

People v Brown

2025 NY Slip Op 04379

Decided on July 25, 2025

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on July 25, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: LINDLEY, J.P., CURRAN, SMITH, NOWAK, AND HANNAH, JJ.

523 KA 22-00640

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
LAMAR BROWN, DEFENDANT-APPELLANT. 

THE LEGAL AID BUREAU OF BUFFALO, INC., BUFFALO (ANDREW M. MIKOLAJCZYK OF COUNSEL), FOR DEFENDANT-APPELLANT. 
MICHAEL J. KEANE, DISTRICT ATTORNEY, BUFFALO (MINDY F. VANLEUVAN OF COUNSEL), FOR RESPONDENT. 

 Appeal from a judgment of the Supreme Court, Erie County (Paul Wojtaszek, J.), rendered March 17, 2022. The judgment convicted defendant upon a nonjury verdict of criminal possession of a firearm. 
It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.
Memorandum: Defendant appeals from a judgment convicting him upon a nonjury verdict of criminal possession of a firearm (Penal Law § 265.01-b [1]). Defendant contends that the evidence is legally insufficient to support the conviction because the People failed to establish that he constructively possessed the subject firearm. We conclude, however, that there is a "valid line of reasoning and permissible inferences from which a rational [trier of fact] could have found the element[ of constructive possession] proved beyond a reasonable doubt" (People v Danielson, 9 NY3d 342, 349 [2007] [internal quotation marks omitted]). Contrary to defendant's contention, the People established more than his "mere presence" in the residence in which the firearm was found (People v King, 206 AD3d 1593, 1594 [4th Dept 2022]; cf. People v Mighty, 203 AD3d 1687, 1687-1688 [4th Dept 2022]; People v Hunt, 185 AD3d 1531, 1532-1533 [4th Dept 2020]). Rather, the People established through circumstantial evidence (see People v Torres, 68 NY2d 677, 678 [1986]; People v Boyd, 145 AD3d 1481, 1482 [4th Dept 2016], lv denied 29 NY3d 947 [2017]) that defendant "exercised 'dominion or control' over the [firearm] by a sufficient level of control over the area in which the [firearm was] found" (People v Manini, 79 NY2d 561, 573 [1992]; see People v Torrance, 206 AD3d 1722, 1723 [4th Dept 2022]).
To the extent that defendant on appeal implicitly challenges the admission of certain evidence on the basis that the People failed to establish an adequate chain of custody with respect to the firearm, that contention is unpreserved for our review (see People v Carey, 162 AD3d 1476, 1478 [4th Dept 2018], lv denied 32 NY3d 936 [2018]; People v Irizarry, 160 AD3d 1384, 1386 [4th Dept 2018], lv denied 31 NY3d 1149 [2018]; People v Alexander, 48 AD3d 1225, 1226 [4th Dept 2008], lv denied 10 NY3d 859 [2008]). We decline to exercise our power to review that contention as a matter of discretion in the interest of justice (see CPL 470.15 [6] [a]).
We further conclude, after viewing the evidence in light of the elements of the crime in this nonjury trial (see Danielson, 9 NY3d at 349), that the verdict is not against the weight of the evidence (see generally People v Bleakley, 69 NY2d 490, 495 [1987]). Although a different verdict would not have been unreasonable—e.g., if the factfinder had declined to credit the evidence connecting defendant to the area where the firearm was discovered—we cannot conclude on this record that the factfinder "failed to give the evidence the weight it should be accorded" (id.).
Entered: July 25, 2025
Ann Dillon Flynn
Clerk of the Court